UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------- x
JEFFREY D. REYNOLDS,                                                   :
                                                                       :
       Plaintiff,                      :   13-CV-1003 (HB)
                                                                       :
  -against-                                                    :
                                                                       :
XEROX EDUCATION SERVICES, INC., f/k/a ACS                              :
EDUCATION SERVICES, INC. and WELLS FARGO                               :
BANK, N.A.,                                                            :
                                                                       :
       Defendants.                     :
---------------------------------------------------------------------- x

## MEMORANDUM OF LAW IN SUPPORT
## OF DEFENDANTS' MOTION TO DISMISS

 

HINSHAW & CULBERTSON LLP
   Edward K. Lenci
780 Third Avenue, 4th Floor
New York, New York 10017
Tel:  (212) 471-6200
Fax:  (212) 935-1166
elenci@hinshawlaw.com

*Counsel for Defendant*
*Xerox Education Services, LLC*


HOGAN LOVELLS US LLP
   Allison J. Schoenthal
   Robin L. Muir
875 Third Avenue
New York, New York 10022
Tel:  (212) 918-3000
Fax:  (212) 918-3100
allison.schoenthal@hoganlovells.com
robin.muir@hoganlovells.com

*Counsel for Defendant*
*Wells Fargo Bank, N.A.*

## **TABLE OF CONTENTS**

                                                                                                                                  **Page**

PRELIMINARY STATEMENT .................................................................................................... 1

BACKGROUND ............................................................................................................................ 2

ARGUMENT .................................................................................................................................. 3

       I.       VENUE IS IMPROPER ................................................................................... 3

      II.      THIS ACTION SHOULD BE DISMISSED UNDER THE DOCTRINE OF *FORUM NON CONVENIENS* OR, IN THE ALTERNATIVE, TRANSFERRED TO A MORE CONVENIENT DISTRICT ........................................................................................................... 5

              A.      Step One: Plaintiff's Choice of Forum is Entitled to Minimal Deference ..................................................................................... 5

              B.      Step Two: Plaintiff's Claims May Be Properly, and More Appropriately, Adjudicated in an Alternative Forum ................................. 7

              C.      Step Three: The Public and Private Interest Factors Favor the Proposed Alternative Forums ................................................................. 7

      III.     IN THE EVENT THAT THIS ACTION IS NOT DISMISSED IN ITS ENTIRETY OR TRANSFERRED TO ANOTHER DISTRICT, PLAINTIFF'S UNJUST ENRICHMENT CLAIM SHOULD BE DISMISSED BECAUSE A VALID CONTRACT GOVERNS THE SUBJECT MATTER OF PLAINTIFF'S CLAIMS ..................................... 10

CONCLUSION ............................................................................................................................. 12

# **TABLE OF AUTHORITIES**

Page(s)

**CASES**

*Abdullahi v. Pfizer, Inc.*,
    562 F.3d 163 (2d Cir. 2009)..................................................................................................7

*Aguinda v. Texaco, Inc.*,
    303 F.3d 470 (2d Cir. 2002)..................................................................................................7

*Allen v. WestPoint-Pepperell, Inc.*,
    945 F.2d 40 (2d Cir. 1991)....................................................................................................2

*Bank of Commc'ns v. Ocean Dev. Am., Inc.*,
    No. 07 Civ. 4628 (TPG), 2010 WL 768881 (S.D.N.Y. Mar. 8, 2010) ...................................3

*Base Metal Trading, S.A. v. Russian Aluminum*,
    253 F. Supp. 2d 681 (S.D.N.Y. 2003), *aff'd*, 98 F. App'x 47 (2d Cir. 2004)...........................6

*Coty, Inc. v. L'Oreal S.A.*,
    320 F. App'x 5, 2009 WL 835849 (2d Cir. Mar. 31, 2009). .................................................10

*Diesel Props S.r.L. v. Greystone Bus. Credit II LLC*,
    631 F.3d 42 (2d Cir. 2011)..................................................................................................10

*EPA ex rel. McKeown v. Port Auth. of New York & New Jersey*,
    162 F. Supp.2d 173 (S.D.N.Y.2001)......................................................................................3

*Gulf Oil Corp. v. Gilbert*,
    330 U.S. 501 (1947).................................................................................................5, 7, 8, 9

*Iragorri v. United Technologies Corp.*,
    274 F.3d 65 (2d Cir. 2001)................................................................................................5, 7

*Jordache Enters. v. Brobeck, Phleger & Harrison*,
    No. 92 Civ. 9002 (KMW), 1994 WL 74860 (S.D.N.Y. Mar. 7, 1994)...................................3

*Koster v. (American) Lumbermens Mut. Cas. Co.*,
    330 U.S. 518 (1947)..............................................................................................................5

*LaSala v. Bank of Cyrpus Pub. Co. Ltd.*,
    510 F. Supp. 2d 246 (S.D.N.Y. 2007)....................................................................................5

*Lust v. Nederlandse Programma Stichting*,
    501 F. App'x 13, 2012 WL 5233617 (2d Cir. 2012).............................................................6

*Nat'l Lighting Co., Inc. v. Univercol-Hillel Hoffman & Sons, Ltd.*,
    No. 03 Civ. 8618 (RO), 2004 WL 2546804 (S.D.N.Y. Nov. 10, 2004) ................................... 3

*Nieves v. Am. Airlines*,
    700 F. Supp. 769 (S.D.N.Y. 1988) ........................................................................................... 6

*Norex Petroleum Ltd. v. Access Indus., Inc.*,
    416 F.3d 146 (2d Cir. 2005) .................................................................................................5, 7

*Norwood v. Kirkpatrick*,
    349 U.S. 29 (1955) ................................................................................................................... 9

*Piper Aircraft Co. v. Reyno*,
    454 U.S. 235 (1981) ........................................................................................................5, 7, 8

*Pollux Holding Ltd. v. Chase Manhattan Bank*,
    329 F.3d 64 (2d Cir. 2003) ...................................................................................................6, 7

*Poplar Lane Farm LLC v. Fathers of Our Lady of Mercy*,
    449 F. App'x 57, 2011 WL 5966373 (2d Cir. Nov. 30, 2011). .............................................. 10

**STATUTES**

28 U.S.C. § 1391 ............................................................................................................................3, 4

28 U.S.C. § 1404 ................................................................................................................................ 9

28 U.S.C. § 1406 ................................................................................................................................ 4

**OTHER AUTHORITIES**

FRCP Rule 12 .......................................................................................................................... 1, 3, 10

Defendants Xerox Education Services, LLC, sued herein as Xerox Education Services, Inc. f/k/a ACS Education Services, Inc. ("ACS") and Wells Fargo Bank, N.A. ("Wells Fargo") (together, "Defendants"), by their respective undersigned counsel, respectfully submit this memorandum of law in support of their motion for an order: (1) dismissing the claims asserted against them by Plaintiff Jeffrey D. Reynolds ("Plaintiff") in his Complaint filed on February 13, 2013, pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure ("FRCP"), for improper venue, and under the doctrine of *forum non conveniens*; or, in the alternative, (2) transferring this action to the Northern District of New York or the Western District of Virginia, pursuant to 28 U.S.C. § 1404(a); or, in the alternative, (3) dismissing Plaintiff's unjust enrichment claim, pursuant to FRCP Rule 12(b)(6).

## PRELIMINARY STATEMENT

Plaintiff, a student loan borrower, commenced this action against the owner and the servicer of his loan, claiming breach of contract (the "First Claim for Relief") and unjust enrichment (the "Second Claim for Relief"). For several reasons, Plaintiff's claims fail as a matter of law and must be dismissed.

First, this District is an improper venue. Plaintiff has not, because he cannot, prove that the Southern District of New York is a proper venue for this action. Plaintiff's claims have no connection whatsoever to this District, and therefore, this action should be dismissed in its entirety. Even if this District is a proper venue, Plaintiff's claims should be dismissed under the doctrine of *forum non conveniens*. Alternative, more convenient forums exist that are capable of properly, and more appropriately, deciding Plaintiff's claims.

In the event that this Court should decide against dismissing this action in its entirety, in the interest of justice, it should transfer this action to one of the more convenient forums

proposed by Defendants: either the Northern District of New York or the Western District of Virginia.

Should this Court not dismiss or transfer this action, it should dismiss Plaintiff's unjust enrichment claim. The Second Circuit has made it clear that a claim for unjust enrichment must be dismissed when there is a valid agreement governing the subject matter of a plaintiff's claim. Here, it is undisputed that Plaintiff's promissory note, a binding contract, governs the subject matter of Plaintiff's claims. Accordingly, at minimum, Defendants are entitled to dismissal of his unjust enrichment claim.

## BACKGROUND

In or around June 1993, Plaintiff, an individual and a resident of the State of Virginia, consolidated four student loans into one loan in the total principal amount of $22,636.97 (the "Consolidated Student Loan"), which was memorialized in a promissory note, dated June 23, 1993 (the "Note"). (Compl. ¶ 6; Muir Decl. ¶ 2, Ex. A).[1]

Defendant Wells Fargo is a national banking association and the current owner of Plaintiff's Consolidated Student Loan. (Compl. ¶ 8). Defendant ACS is a Delaware corporation and the servicer of Plaintiff's Consolidated Student Loan. (Compl. ¶ 7).

On February 13, 2013, Plaintiff commenced this action in the United States District Court of the Southern District of New York against Defendants claiming breach of contract and unjust enrichment stemming from the alleged misapplication of Plaintiff's payments towards his Consolidated Student Loan. (*See generally*, Compl.). In response, Defendants make this motion to dismiss.

---

[1] A copy of the Note is attached as Exhibit A to the Declaration of Robin L. Muir, dated June 14, 2013 ("Muir Decl."), submitted herewith. The Court may consider the Note when determining this motion because it is integral to Plaintiff's claims and referenced by Plaintiff in the Complaint. *See Allen v. WestPoint-Pepperell, Inc.*, 945 F.2d 40, 44 (2d Cir. 1991).

**ARGUMENT**

**I.   VENUE IS IMPROPER**

This action has no connection whatsoever to this venue and therefore, should be dismissed pursuant to Rule 12(b)(3) of the FRCP.  On a motion under Rule 12(b)(3), the plaintiff bears the burden of proving that venue is proper as to each defendant for each cause of action. *Bank of Commc'ns v. Ocean Dev. Am., Inc.*, No. 07 Civ. 4628 (TPG), 2010 WL 768881, at *4 (S.D.N.Y. Mar. 8, 2010) ("When venue is challenged in a Rule 12(b)(3) motion to dismiss, the plaintiff bears the burden of proving that venue is proper in the chosen forum.") (citing *EPA ex rel. McKeown v. Port Auth. of N.Y. & N.J.*, 162 F. Supp. 2d 173, 183 (S.D.N.Y. 2001)) (plaintiff bears burden of showing that venue in forum district is proper); *Nat'l Lighting Co., Inc. v. Univercol-Hillel Hoffman & Sons, Ltd.*, No. 03 Civ. 8618 (RO), 2004 WL 2546804, at *1 (S.D.N.Y. Nov., 10, 2004) (citing *Jordache Enters. v. Brobeck, Phleger & Harrison*, No. 92 Civ. 9002 (KMW), 1994 WL 74860, at *8 (S.D.N.Y. Mar. 7, 1994)).

Pursuant to 28 U.S.C. § 1391 ("Section 1391"), in a civil action, venue, in general, is proper in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).  Here, Plaintiff makes the conclusory assertion that both "Defendants conduct substantial business in this District, have sufficient minimum contacts with this District, and otherwise purposefully avail themselves of the markets in this District, through the promotion, sale, and marketing of their services in this District" (Compl. ¶ 5), but does not

identify the particular subsection of Section 1391(b) on which he asserts venue to be appropriate in this District, nor does he plead any facts to support a finding that venue in this District is proper under any subsection of Section 1391(b).[2]

Plaintiff alleges that "Defendant ACS is a Delaware corporation with its principal executive offices located [in] . . . Dallas, Texas." (Compl. ¶ 7). Plaintiff further alleges that "ACS is registered to do business in the State of New York," and "the ACS office responsible for correspondence with Plaintiff is located in New York." (*Id.*) Plaintiff, however, fails to plead any facts to specific to *this District*, and notably, according to the Complaint, the "ACS office responsible for correspondence with Plaintiff" is located in Utica, New York, which, of course, is *not* in this District. (Compl. Exs. A-F).

As for Wells Fargo, Plaintiff alleges that "Defendant Wells Fargo is a national banking association with its principal executive offices located [in] . . . San Francisco, California," and that "Wells Fargo has multiple branch locations in New York, New York." (Compl. ¶ 8). Again, Plaintiff fails to plead any facts to demonstrate that venue in *this District*, on any basis, is proper.

In fact, the allegations in the Complaint indicate that venue would be proper in the Northern District of New York or the Western District of Virginia, but not the Southern District of New York. Having failed to demonstrate any connection to this District, Defendants' motion to dismiss for improper venue should be granted.[3]

---

[2] [I]n a State which has more than one judicial district and in which a defendant that is a corporation is subject to personal jurisdiction at the time an action is commenced, such corporation shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State, and, if there is no such district, the corporation shall be deemed to reside in the district within which it has the most significant contacts.

28 U.S.C. § 1391(d).

[3] "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

## II. THIS ACTION SHOULD BE DISMISSED UNDER THE DOCTRINE OF *FORUM NON CONVENIENS* OR, IN THE ALTERNATIVE, TRANSFERRED TO A MORE CONVENIENT DISTRICT

Defendants are also entitled to dismissal of the Complaint under the doctrine of *forum non conveniens*. "The principle of *forum non conveniens* is simply that a court may resist imposition upon its jurisdiction even when jurisdiction is authorized by the letter of a general venue statute." *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 507 (1947). The Second Circuit outlined a three-step analysis:

> At step one, a court determines the degree of deference properly accorded to the plaintiff's choice of forum. At step two, it considers whether the alternative forum proposed by the defendants is adequate to adjudicate the parties' dispute. Finally, at step three, a court balances the private and public interests implicated in the choice of forum.

*Norex Petroleum Ltd. v. Access Indus., Inc.*, 416 F.3d 146, 153 (2d Cir. 2005) (citing *Iragorri v. United Technologies Corp.*, 274 F.3d 65, 73-74 (2d Cir. 2001) (*en banc*)).

### A. Step One: Plaintiff's Choice of Forum is Entitled to Minimal Deference

Step one starts with "a strong presumption in favor of the plaintiff's choice of forum." *Norex*, 416 F.3d at 154 (quoting *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255 (1981)). "[C]ourts nevertheless recognize that 'the degree of deference given to a plaintiff's forum choice [can vary] with the circumstances.'" *Id.* (quoting *Iragorri*, 274 F.3d at 71). The greatest deference is usually given to a plaintiff's choice of its home forum. *See id.* (citing *Iragorri*, 274 F.3d at 71; *Piper*, 454 U.S. at 255-56; *Koster v. (American) Lumbermens Mut. Cas. Co.*, 330 U.S. 518, 524 (1947)). And less deference is given to a plaintiff's choice of a foreign forum. *See id.* (citing *Iragorri*, 274 F.3d at 71; *Piper*, 454 U.S. at 255-56). "A plaintiff's choice of forum is also 'given reduced emphasis where . . . the operative facts upon which the litigation is brought bear little material connection to the chosen forum.'" *LaSala v. Bank of Cyrpus Pub. Co. Ltd.*,

5

510 F. Supp. 2d 246, 257 (S.D.N.Y. 2007) (quoting *Nieves v. Am. Airlines*, 700 F. Supp. 769, 772 (S.D.N.Y. 1988)).  A plaintiff's choice of forum is also "limited if there are indicia of forum-shopping." *Lust v. Nederlandse Programma Stichting*, 501 F. App'x 13, 14, 2012 WL 5233617, at *1 (2d Cir. 2012) (citing *Pollux Holding Ltd. v. Chase Manhattan Bank*, 329 F.3d 64, 71 (2d Cir. 2003));  *see also Base Metal Trading, S.A. v. Russian Aluminum*, 253 F. Supp. 2d 681 (S.D.N.Y. 2003), *aff'd*, 98 F. App'x 47 (2d Cir. 2004) (plaintiff's choice of forum afforded little deference because record suggests forum-shopping).

Here, Plaintiff is admittedly a resident of the State of Virginia.  (Compl. ¶ 6).  Therefore, his choice of forum in the Southern District of New York is entitled to limited deference.  The deference afforded to his chosen forum is further reduced because the facts giving rise to this litigation bear no material connection to this District.  The Complaint alleges that the purported misconduct occurred in Utica, New York, and the alleged injury is claimed to have been incurred in Forest, Virginia, but the Complaint is devoid of any facts connecting Plaintiff's claims to the Southern District of New York.  (*See* Compl. ¶¶ 7, 14-24, Exs. B-F).  Moreover, the facts here give rise to an inference of forum-shopping, which reduces the deference afforded to Plaintiff's chosen forum even further.  When filing the Summons and Complaint, Plaintiff represented to the Court that this matter was "related" to another matter pending in this District before the Honorable Paul A. Crotty, entitled: *Breitman v. Affiliated Computer Services Inc., et al.* (No. 12 Civ. 6583), likely in attempt to have this matter heard by the same judge.[4]  Judge Crotty, however, disagreed that this matter is related to the *Breitman* case and declined the assignment.[5]

---

[4]  *See* Civil Docket, 2/15/2013 entry.

[5]  *See* Civil Docket, 2/27/2013 entry.

This District having no connection to the parties' dispute here, one can only assume that this conduct amounts to forum-shopping.

> **B.     Step Two: Plaintiff's Claims May Be Properly, and More Appropriately, Adjudicated in an Alternative Forum**

Step two of the *forum non conveniens* analysis is to determine whether the plaintiff's claims may be properly adjudicated in an alternative forum. *Norex*, 416 F.3d at 157 (citing *Aguinda v. Texaco, Inc.*, 303 F.3d 470, 476 (2d Cir. 2002); *Iragorri*, 274 F.3d at 73). "An alternative forum is adequate if the defendants are amenable to service of process there, and if it permits litigation of the subject matter of the dispute." *Id.* (quoting *Pollux*, 329 F.3d at 75 (citations omitted)).

Plaintiff's claims here may be properly, and more appropriately, adjudicated in either the Northern District of New York, where the purported wrongdoing occurred, as alleged in the Complaint, or the Western District of Virginia, Plaintiff's home forum. (Compl. ¶¶ 6-7).

Defendants are amenable to service in the State of New York, and the Northern District of New York is certainly capable of deciding the subject matter of this dispute – breach of contract and unjust enrichment – and as later explained herein, is a convenient forum to hear this matter. Likewise, Defendants would be amenable to service of process in the State of Virginia, and the Western District of Virginia is similarly capable of deciding the subject matter of this dispute, and as explained later, has a strong interest in this matter.

> **C.     Step Three: The Public and Private Interest Factors Favor the Proposed Alternative Forums**

Step three of *forum non conveniens* analysis is to weigh certain private and public interest factors to determine whether they "tilt[] heavily in favor of the alternative forum." *Abdullahi v. Pfizer, Inc.*, 562 F.3d 163, 189 (2d Cir. 2009); *see also Gilbert*, 330 U.S. at 508-509; *Piper*, 454

U.S. at 241 n. 6. Private interest factors include the comparative ease of obtaining evidence and witness testimony in the two forums, "and all other practical problems that make trial of a case easy, expeditious and inexpensive." *Gilbert*, 330 U.S. at 508. "[A] plaintiff may not, by choice of an inconvenient forum, 'vex,' 'harass,' or 'oppress' the defendant by inflicting upon him expense or trouble not necessary to his own right to pursue his remedy." *Id.* Public interest factors include: "the administrative difficulties flowing from court congestion," *Piper*, 454 U.S. at 241 n. 6; "the local interest in having localized controversies decided at home," *Id.* (quoting *Gilbert*, 330 U.S. at 508); and "the unfairness of burdening citizens in an unrelated forum with jury duty." *Id.* (citing *Gilbert*, 330 U.S. at 509).

Here, the private interest factors weigh heavily in favor of the Northern District of New York. According to Plaintiff, Defendants' purported misconduct originated in Utica, New York, and thus, most evidence and witness testimony would be easiest to obtain in the Northern District of New York. (*See* Compl. ¶¶ 7, 14-24, Exs. A-F). Compared to this District, the private interest factors also favor the Western District of Virginia. That District is Plaintiff's home forum, and it would be easiest to obtain the only other evidence and witness testimony that is fathomable in this matter there. (*See* Compl. ¶ 6, Exs. B-F). The private interest factors here favor not only one but two forums over this District. This result should be of little surprise considering that Plaintiff's claims having no apparent connection to this District.

The public interest factors also weigh heavily in favor of the proposed alternative forums. Namely, the Western District of Virginia has a vested interest in resolving the claims of its residents, like Plaintiff here. Even the Northern District of New York has a greater interest in this matter than this District, which has no connection to this litigation.

The facts here are nearly identical to those in *Gilbert*, where the Supreme Court held that the District Court of the Southern District of New York's dismissal of the case under the doctrine of *forum non conveniens* proper. 330 U.S. at 512. In assessing the interests of the parties, the Court emphasized that "[t]he plaintiff himself is not a resident of New York, nor did any event connected with the case take place there, nor does any witness, with the possible exception of experts live there. No one connected with that side of the case save counsel for the plaintiff resides there . . . ." *Id.* at 509. Likewise, here, Plaintiff is not a resident of New York, nor did any event connected with the case take place in New York, nor does any potential witness live in New York.

Because both the private and public interest factors weigh heavily in favor of either of the alternative forums proposed by Defendants, Defendants' motion to dismiss under the doctrine of *forum non conveniens* should be granted and Plaintiff's Complaint should be dismissed.

In the alternative, should this Court not dismiss Plaintiff's Complaint in its entirety for improper venue or under the doctrine of *forum non conveniens*, but for the very same reasons, it should transfer this action to the Northern District of New York or the Western District of Virginia, as authorized by 28 U.S.C. § 1404(a). 28 U.S.C. § 1404(a) ("Section 1404") states: "For the convenience of parties and witnesses, in the interests of justice, a district court may transfer any civil action to any other district or division where it might have been brought . . . ." 28 U.S.C. § 1404(a). Notably, a transfer pursuant to Section 1404(a) requires a lesser showing of inconvenience than the common law doctrine of *forum non conveniens*, but the analysis is largely the same. *Norwood v. Kirkpatrick*, 349 U.S. 29, 32 (1955) ("[W]e believe that Congress, by the term 'for the convenience of parties and witnesses, in the interest of justice,' intended to permit courts to grant transfers upon a lesser showing of inconvenience."). Accordingly, in the

event that this Court declines to dismiss this action in its entirety, it should transfer it to the Northern District of New York or the Western District of Virginia.

**III.   IN THE EVENT THAT THIS ACTION IS NOT DISMISSED IN ITS ENTIRETY OR TRANSFERRED TO ANOTHER DISTRICT, PLAINTIFF'S UNJUST ENRICHMENT CLAIM SHOULD BE DISMISSED BECAUSE A VALID CONTRACT GOVERNS THE SUBJECT MATTER OF PLAINTIFF'S CLAIMS**

Should this Court not dismiss this action in its entirety or transfer it to another District, it should dismiss Plaintiff's unjust enrichment claim, pursuant to Rule 12(b)(6). The Second Circuit has made it clear that a claim for unjust enrichment must be dismissed where, as here, there is a valid agreement governing the subject matter of a plaintiff's claims. *See Poplar Lane Farm LLC v. Fathers of Our Lady of Mercy*, 449 F. App'x 57, 59, 2011 WL 5966373, at *1 (2d Cir. Nov. 30, 2011) ("Under New York law, when a valid agreement governs the subject matter of a dispute between parties, claims arising from that dispute are contractual; attempts to repackage them as sounding in fraud, conversion, and other torts, as well as unjust enrichment, implied and quasi contract, and quantum meruit, are generally precluded, unless based on a duty independent of the contract."); *Diesel Props S.r.L. v. Greystone Bus. Credit II LLC*, 631 F.3d 42, 54 (2d Cir. 2011) (affirming dismissal of unjust enrichment claim). "[I]t is black-letter law in New York that recovery on an equitable theory of unjust enrichment is not permitted where the matter at issue is covered by a valid, enforceable contract." *Coty, Inc. v. L'Oreal S.A.*, 320 F. App'x 5, 6-7, 2009 WL 835849, at *1 (2d Cir. Mar. 31, 2009).

In the Complaint, Plaintiff acknowledges the existence of a valid contract governing the subject matter of the parties' dispute – Plaintiff's Consolidated Student Loan. (*See* Compl. ¶¶ 6, 34, 35). Defendants do not dispute the validity of that contract, and submit a copy of it herewith. (Muir Decl. ¶ 2; Ex. A). The Complaint sets forth two claims for relief – one for breach of contract "against all Defendants" and the other for unjust enrichment "against all Defendants" –

10

the alleged factual bases of both claims are the same, and the two claims seek relief for the same alleged acts and omissions on the part of Defendants. (Compl. ¶¶ 33-40). Because a valid contract governs the subject matter of Plaintiff's claims, his unjust enrichment claim fails as a matter of law and must be dismissed.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court issue an Order as follows: (1) dismissing the Complaint, pursuant to Rule 12(b)(3), for improper venue, and under the doctrine of *forum non conveniens*; or, in the alternative, (2) transferring this action to the Northern District of New York or the Western District of Virginia, pursuant to 28 U.S.C. § 1404(a); or in the alternative, (3) dismissing Plaintiff's unjust enrichment claim, pursuant to FRCP Rule 12(b)(6).

New York, New York
June 14, 2013

HINSHAW & CULBERTSON LLP

By: /s/ Edward K. Lenci
Edward K. Lenci
780 Third Avenue, 4th Floor
New York, New York 10017
Tel: (212) 471-6200
Fax: (212) 935-1166
elenci@hinshawlaw.com

*Counsel for Defendant*
*Xerox Education Services, LLC*


HOGAN LOVELLS US LLP

By: /s/ Robin L. Muir
Allison J. Schoenthal
Robin L. Muir
875 Third Avenue
New York, New York 10022
Tel: (212) 918-3000
Fax: (212) 918-3100
allison.schoenthal@hoganlovells.com
robin.muir@hoganlovells.com

*Counsel for Defendant*
*Wells Fargo Bank, N.A.*