UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
JEFFREY D. REYNOLDS,

       Plaintiff,

  -against-

XEROX EDUCATION SERVICES, INC., f/k/a ACS
EDUCATION SERVICES, INC. and WELLS FARGO
BANK, N.A.,

       Defendants.
-------------------------------------------------------------------x

13-CV-1223 (LEK) (TWD)

# MEMORANDUM OF LAW IN SUPPORT
# OF DEFENDANTS' MOTION TO DISMISS

HINSHAW & CULBERTSON LLP
   Edward K. Lenci
800 Third Avenue, 13th Floor
New York, New York 10022
Tel: (212) 471-6200
Fax: (212) 935-1166
elenci@hinshawlaw.com
*Counsel for Defendant*
*Xerox Education Services, LLC*

HOGAN LOVELLS US LLP
   Allison J. Schoenthal
   Robin L. Muir
875 Third Avenue
New York, New York 10022
Tel: (212) 918-3000
Fax: (212) 918-3100
allison.schoenthal@hoganlovells.com
robin.muir@hoganlovells.com
*Counsel for Defendant*
*Wells Fargo Bank, N.A.*

## **TABLE OF CONTENTS**

 **Page**

PRELIMINARY STATEMENT ................................................................................................... 1

BACKGROUND ............................................................................................................................ 1

ARGUMENT .................................................................................................................................. 3

    I.     MOTION TO DISMISS STANDARD ..................................................................... 3

    II.    A VALID CONTRACT GOVERNING THE SUBJECT MATTER
           OF A DISPUTE PRECLUDES A CLAIM OF UNJUST
           ENRICHMENT ......................................................................................................... 3

    III.   PLAINTIFF'S UNJUST ENRICHMENT CLAIM MUST BE
           DISMISSED BECAUSE THE SUBJECT MATTER OF THE
           DISPUTE IS GOVERNED BY THE PROMISSORY NOTE ............................... 4

CONCLUSION ............................................................................................................................... 5

## **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*Allen v. WestPoint-Pepperell, Inc.*,
   945 F.2d 40 (2d Cir. 1991).................................................................................................2

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009)............................................................................................................3

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007)............................................................................................................3

*Coty, Inc. v. L'Oreal S.A.*,
   320 F. App'x 5, 2009 WL 835849 (2d Cir. Mar. 31, 2009) ................................................4

*Diesel Props S.R.L. v. Greystone Bus. Credit II LLC*,
   631 F.3d 42 (2d Cir. 2011)..................................................................................................4

*Poplar Lane Farm LLC v. Fathers of Our Lady of Mercy*,
   449 F. App'x 57, 2011 WL 5966373 (2d Cir. Nov. 30, 2011) ............................................3

*U.S. E. Telecomms., Inc. v. U.S. W. Commc'ns Servs., Inc.*,
   38 F.3d 1289 (2d Cir. 1994)................................................................................................4

**OTHER AUTHORITIES**

FRCP 12(b)(6) ..............................................................................................................................3

Defendants Xerox Education Services, LLC, sued herein as Xerox Education Services, Inc. f/k/a ACS Education Services, Inc. ("ACS") and Wells Fargo Bank, N.A. ("Wells Fargo," and together with ACS, "Defendants"), by their respective undersigned counsel, respectfully submit this memorandum of law in support of their motion, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("FRCP"), for an order dismissing the unjust enrichment claim asserted against them by Plaintiff Jeffrey D. Reynolds ("Plaintiff") in his complaint filed on February 13, 2013 (the "Complaint" or "Compl.").

## PRELIMINARY STATEMENT

Plaintiff, a student loan borrower, commenced this action against the owner and the servicer of his loan, claiming breach of contract and unjust enrichment, stemming from the alleged misapplication of payments made on Plaintiff's student loan.

Plaintiff's unjust enrichment claim fails as a matter of law and must be dismissed. The Second Circuit has made it clear that a claim for unjust enrichment must be dismissed when there is a valid agreement governing the subject matter of a plaintiff's claim. Here, it is undisputed that Plaintiff's promissory note, a binding contract, governs the subject matter of Plaintiff's claims. Accordingly, Defendants are entitled to dismissal of Plaintiff's unjust enrichment claim.

## BACKGROUND

In or around June 1993, Plaintiff, an individual and a resident of the State of Virginia, consolidated four student loans into one loan in the total principal amount of $22,636.97 (the "Consolidated Student Loan"), which was memorialized in a promissory note, dated June 23, 1993 (the "Note"). (Compl. ¶ 6; Muir Decl. ¶ 7, Ex. A.)[1]

---

[1] A copy of the Note is attached as Exhibit A to the Declaration of Robin L. Muir, dated November 22, 2013 ("Muir Decl."), submitted herewith. The Court may consider the Note when

Defendant Wells Fargo is a national banking association and the current owner of Plaintiff's Consolidated Student Loan. (Compl. ¶ 8.) Defendant ACS is a Delaware corporation and the servicer of Plaintiff's Consolidated Student Loan. (Compl. ¶ 7.)

On February 13, 2013, Plaintiff commenced this action in the United States District Court of the Southern District of New York against Defendants, claiming breach of contract and unjust enrichment, stemming from the alleged misapplication of Plaintiff's payments towards his Consolidated Student Loan. (Document No. 1.) In response, Defendants moved to dismiss the Complaint under the doctrine of forum *non conveniens*, or in the alternative, to transfer the action to the more convenient forum, and to dismiss the unjust enrichment cause of action. (Document No. 10.) Following oral argument, by order dated September 19, 2013, the Honorable Harold Baer granted Defendants' motion to the extent that this action was transferred to the Northern District of New York, denied Defendants' motion to dismiss under the doctrine of forum *non conveniens*, and declined to address the merits of the unjust enrichment cause of action. (Document No. 26.)

As such, Defendants now move to dismiss Plaintiff's unjust enrichment cause of action, pursuant to FRCP 12(b)(6).[2]

---

determining this motion because it is integral to Plaintiff's claims and referenced by Plaintiff in the Complaint. *See Allen v. WestPoint-Pepperell, Inc.*, 945 F.2d 40, 44 (2d Cir. 1991).

[2] As instructed in this Court's Notice, dated October 1, 2013 (Document No. 31), on November 15, 2013, Defendants re-noticed their previously filed motion to dismiss before this Court to the extent that it was not completely addressed in the Southern District of New York and referenced their previously filed supporting papers. (Document No. 42.) On November 18, 2013, Scott Snyder, clerk for the Honorable Lawrence E. Kahn, asked that Defendants submit new supporting papers that only address the issue that was not previously addressed in the Southern District of New York – the unjust enrichment claim. (Muir Decl. ¶ 6.)

2

# ARGUMENT

## I. MOTION TO DISMISS STANDARD

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead enough facts "to 'state a claim to relief that is plausible on its face[.]'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. *Twombly*, 550 U.S. at 570. But the court is not bound to accept as true legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 678.

The Supreme Court recently raised the pleading requirements, setting forth a two-step inquiry to determine whether claims survive scrutiny in the context of a Rule 12(b)(6) motion. *See id.* at 680-81. First, the Court must reject bald allegations that are conclusory and, as a result, are "not entitled to be assumed true." *Id.* at 681. Second, the Court must examine the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." *Id.*

## II. A VALID CONTRACT GOVERNING THE SUBJECT MATTER OF A DISPUTE PRECLUDES A CLAIM OF UNJUST ENRICHMENT

It is well-settled by the Second Circuit that a valid agreement governing the subject matter of the parties' dispute precludes an unjust enrichment cause of action. *See Poplar Lane Farm LLC v. Fathers of Our Lady of Mercy*, 449 F. App'x 57, 59, 2011 WL 5966373, at *1 (2d Cir. Nov. 30, 2011) ("Under New York law, when a valid agreement governs the subject matter of a dispute between parties, claims arising from that dispute are contractual, attempts to repackage them as sounding in fraud, conversion, and other torts, as well as unjust enrichment, implied and quasi contract, and quantum meruit, are generally precluded, unless based on a duty

3

independent of the contract."); *Diesel Props S.R.L. v. Greystone Bus. Credit II LLC*, 631 F.3d 42, 54 (2d Cir. 2011) (affirming dismissal of unjust enrichment claim).  "[I]t is black-letter law in New York that recovery on an equitable theory of unjust enrichment is not permitted where the matter at issue is covered by a valid, enforceable contract." *Coty, Inc. v. L'Oreal S.A.*, 320 F. App'x 5, 6-7, 2009 WL 835849, at *1 (2d Cir. Mar. 31, 2009).  "The existence of a valid and enforceable written contract governing a particular subject matter ordinarily precludes recover in quasi contract [i.e., unjust enrichment] for events arising out of the same subject matter." *U.S. E. Telecomms., Inc. v. U.S. W. Commc'ns Servs., Inc.*, 38 F.3d 1289, 1296 (2d Cir. 1994) (quoting *Clark-Fitzpatrick, Inc. v. Long Island R.R. Co.*, 70 N.Y.2d 382, 388, 521 N.Y.S.2d 653, 656 (1987)).

### III. PLAINTIFF'S UNJUST ENRICHMENT CLAIM MUST BE DISMISSED BECAUSE THE SUBJECT MATTER OF THE DISPUTE IS GOVERNED BY THE PROMISSORY NOTE

Here, Plaintiff's unjust enrichment claim must be dismissed.  In the Complaint, Plaintiff acknowledges the existence of a valid contract governing the subject matter of the parties' dispute – the Note.  (*See* Compl. ¶¶ 6, 34, 35.)  Defendants do not dispute the validity of that contract, and submit a copy of it herewith.  (*See* Muir Decl. ¶ 7, Ex. A.)

Furthermore, the Note governs the subject matter of Plaintiff's unjust enrichment claim.  The Complaint sets forth two claims for relief – one for breach of contract "against all Defendants" and the other for unjust enrichment "against all Defendants" – the alleged factual bases of both claims are identical, and the two claims seek relief for the same alleged acts and omissions on the part of Defendants.  (Compl. ¶¶ 33-40.)  Accordingly, the Note, the validity of which is undisputed, precludes Plaintiff from asserting a claim of unjust enrichment.

As such, even after accepting all well-pleaded facts in the Complaint as true and drawing all reasonable inferences in favor of Plaintiff, Plaintiff's unjust enrichment claim fails as a matter of law and must be dismissed.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court grant Defendants' motion to dismiss Plaintiff's unjust enrichment claim, pursuant to FRCP 12(b)(6), and grant such other and further relief as this Court may deem just and proper.

New York, New York
November 22, 2013

HINSHAW & CULBERTSON LLP

By: *[signature]*
Edward K. Lenci
800 Third Avenue, 13th Floor
New York, New York 10022
Tel: (212) 471-6200
Fax: (212) 935-1166
elenci@hinshawlaw.com

*Counsel for Defendant*
*Xerox Education Services, LLC*


HOGAN LOVELLS US LLP

By: /s/ Robin L. Muir
Allison J. Schoenthal
Robin L. Muir
875 Third Avenue
New York, New York 10022
Tel: (212) 918-3000
Fax: (212) 918-3100
allison.schoenthal@hoganlovells.com
robin.muir@hoganlovells.com

*Counsel for Defendant*
*Wells Fargo Bank, N.A.*