**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JEFFREY D. REYNOLDS, on behalf of himself and all others similarly situated,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>XEROX EDUCATION SERVICES, LLC, *f/k/a* ACS EDUCATION SERVICES, INC. and WELLS FARGO BANK, N.A.,<br><br>　　　　　　　Defendants. | Case No. 6:13-cv-1223 LEK/TWD<br><br>**AMENDED CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Jeffrey D. Reynolds ("Mr. Reynolds" or "Plaintiff"), by his undersigned counsel, on behalf of himself and all other similarly situated, complaining of defendants Xerox Education Services, LLC, *f/k/a* ACS Education Services, Inc. ("ACS") and Wells Fargo Bank, N.A. ("Wells Fargo") (ACS and Wells Fargo are referred to collectively, as "Defendants"), alleges upon information and belief, as follows:

**PRELIMINARY STATEMENT**

1.　　　This is a class action against defendants ACS and Wells Fargo for breach of contract and violations of New York General Business Law § 349. The class consists of borrowers of student loans whose payments were misapplied by Defendants to the benefit of Defendants and the detriment of Plaintiff and the class.

2.　　　In breach of loan agreements and in breach of Defendants' duties, Defendants have improperly applied monthly student loan payments to prevent and delay repayment of student loans. When a borrower begins repayment of a student loan, an amortization schedule is established based upon the loan's principal, interest rate, and term. If a borrower makes all

payments in accordance with the amortization schedule then his/her loan should be completely repaid.  Defendants have failed to adhere to amortization schedules for student loans thereby causing student loans to retain principal balances and continue to bear interest to Defendants' benefit long after the loans should have been fully repaid.

3.      As detailed below, Plaintiff made numerous unsuccessful efforts to force Defendants to abide by their contract and to apply the normal and customary method of crediting payments on long-term loans.  Defendants evidently had a policy of misapplying payments, which was embedded in their processing equipment, making it virtually impossible to correctly credit Plaintiff and members of the class.

4.      Further, a recent report by Federal Student Aid ("FSA") found that the ACS student loan "servicing system" has "material weaknesses" that cause, among other things, "inflated loan balances."[1]  Similarly, a report by U.S. Department of Education (the "Department") found the ACS "servicing system" has "internal control deficiencies" that "may adversely impact the accuracy of financial reporting, to include the reporting of loan balances…"[2]

## JURISDICTION AND VENUE

5.      This Court has subject matter jurisdiction over this action pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d) because the aggregate amount in controversy exceeds $5,000,000.00 and there is diversity between a Plaintiff and a Defendant.

6.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because Defendants conduct substantial business in this District, have sufficient minimum contacts with

---

[1] A copy of the report can be found at http://www2.ed.gov/about/reports/annual/2012report/fsa-report.pdf.
[2] A copy of the report can be found at http://www2.ed.gov/about/reports/annual/2012report/agency-financial-report.pdf.

this District, and otherwise purposely avail themselves of the markets in this District, through the promotion, sale, and marketing of their services in this District.

## PARTIES

7.      Plaintiff Jeffrey D. Reynolds resides in the State of Virginia.  In or around October 1992, Plaintiff consolidated his federal student loans with Signet Bank (the "Consolidated Student Loan").[3]  The Consolidated Student Loan is a federal consolidation loan under the Federal Family Education Loan Program ("FFELP"),[4] which is part of the Higher Education Act of 1965.

8.      Defendant ACS is a Delaware limited liability company with its principal executive offices located in Long Beach, California.  ACS is, and was at all relevant times, the servicer of the Consolidated Student Loan acting as an agent of the Consolidated Student Loan's prior owners Signet Bank, First Union, and Wachovia, and now Wells Fargo.  ACS is registered to do business in the State of New York.  The ACS office responsible for correspondence with Plaintiff is located in Utica, New York.  As explained in the Declaration of Jamie Broedel [Dkt. No. 21], filed by Defendants on July 26, 2013 in this matter ("Broedel Dec."), the "locus" of ACS's "actual operations" is Utica, New York where it employs over 200 people to conduct its student loan servicing operations.  The Broedel Dec. further provides that computer systems involved in the servicing of the Consolidated Student Loan are located in Utica, New York.

9.      Defendant Wells Fargo is a national banking association with its principal executive offices located at 420 Montgomery Street, San Francisco, California.  Through the acquisitions and mergers described in Footnote 3, Wells Fargo acquired the Consolidated

---

[3]  Signet Bank was purchased by First Union, N.A.  First Union, N.A. eventually merged with Wachovia, and Wachovia was acquired by Wells Fargo.
[4] Under FFELP private lenders made loans to students guaranteed by state or private non-profit guarantee agencies and reinsured by the U.S. Department of Education.

Student Loan, and it is the current owner of the Consolidated Student Loan.  Wells Fargo has multiple branch locations in New York, New York.

## BACKGROUND

10.     The Consolidated Student Loan is a fixed interest rate loan with "level" stated payments.  According to ACS's current website, acs-education.com, "[t]he Level Repayment Plan is designed to allow the borrower to make payments of equal amounts throughout the payment period. <u>This plan provides the least amount of interest accrual</u> over the life of the loan." (emphasis added)

11.     The original balance of Plaintiff's Consolidated Student Loan was $22,636.97 with an annual interest rate of 9.00%.  From sometime in or around 1992 to sometime in or around 1999, the Consolidated Student Loan was in deferment or forbearance (the "Forbearance Period").  During the Forbearance Period interest accrued on the Consolidated Student Loan. Prior to commencing repayment, the interest accrued during the Forbearance Period was capitalized into the Consolidated Student Loan and another party, as part of a college tuition reimbursement program, made a payment of $2,865.29, reducing the Consolidated Student Loan and bringing the new principal of the Consolidated Student Loan at the start of repayment to $30,441.43.

12.     According to a "Loan Consolidation Disclosure Statement and Repayment Schedule," dated September 28, 1999 (the "Disclosure Statement"), provided to Plaintiff  by AFSA Data Corp., which was acquired by ACS in or around June 2002, to repay the Consolidated Student Loan in full, Plaintiff needed to make 215 monthly payments of $285.07 beginning on November 28, 1999 and one monthly payment of $283.56 on October 28, 2017.

4

13.     The Disclosure Statement further provided that the total interest to be paid during repayment was $31,132.18, and the total amount to be paid (principal and interest) to fully repay the Consolidated Student Loan was $61,573.61.  A copy of the Disclosure Statement is attached as Exhibit A.

14.     In November 1999, Plaintiff began making monthly payments on the Consolidated Student Loan of $285.07.  Plaintiffis current on his monthly payments.

## THE SYSTEMATIC MISAPPLICATION OF PAYMENTS

15.     In February 2012, Plaintiff noticed that his payoff balance was higher than the total of his 69 remaining payments.  On or around, February 4, 2012, Plaintiff called ACS to inquire about this (the "February Call").[5]

16.     On the February Call, an ACS customer services "supervisor" confirmed that ACS's computer system showed Plaintiff's final payment date for the Consolidated Student Loan as October 28, 2017, but the system also showed that the loan would not be repaid in full as of that date.  While the representative was trying to resolve the problem, ACS's computer system increased Plaintiff's monthly payment from $285.07 per month to $377.54 per month.  The ACS supervisor tried to change Plaintiff's monthly payment back to $285.07 while a review was completed, but the ACS system would not allow her to do so.  The ACS supervisor advised Plaintiff that she would look into his account further and try to get his payment returned to $285.07 while his account was being reviewed.

17.     In the wake of the February Call, on or around February 16, 2012, Plaintiff received a "Loan Consolidation Disclosure Statement and Repayment Schedule," dated February 12, 2012 (the "February 2012 Disclosure Statement").  According to the February 2012

---

[5] The Broedel Dec. states "with confidence" that the ACS employees who communicated with Plaintiff were, and remain, employed at ACS's "Utica facility."

Disclosure Statement, Plaintiff's 69 remaining payments had been raised to approximately $377 each (68 payments of $377.54 and one payment of $377.15), an increase of $6,300.00 over the total amount to fully repay the loan according to the Disclosure Statement.  Around this time, Plaintiff received a call from the ACS supervisor from the February Call and was told his account was still under review.  A copy of the February 2012 Disclosure Statement is attached as Exhibit B.

18.     On March 9, 2012, Plaintiff made another call to ACS customer services (the "March 9th Call").  On the March 9th Call, a different ACS "supervisor" told Plaintiff that she was unable to identify what was causing the problems with his account, and that she would have the account reviewed.

19.     After the March 9th Call failed to resolve the problems with the Consolidated Student Loan, on March 19, 2012, Plaintiff made yet another call to ACS customer service (the "March 19th Call").  On the March 19th Call, Plaintiff spoke with an ACS "manager" who was also not able to determine the problem, but advised Plaintiff that he must continue to make payments of $377.54 per month while his account is under review.  On April 2, 2012, Plaintiff received a third "Loan Consolidation Disclosure Statement and Repayment Schedule," dated March 25, 2012 (the "March 2012 Disclosure Statement"), which further increased Plaintiff's remaining 67 payments to over $382.00 per month.  A copy of the March 2012 Disclosure Statement is attached as Exhibit C.

20.     After receiving the March 2012 Disclosure Statement, Plaintiff made another call to ACS customer service.  On this call Plaintiff spoke with another ACS "manager."  This manager claimed that he had identified the error, made the correction/adjustment to the account, but was waiting on final approval by upper management before he could correct and update

Plaintiff's account to comply with the Disclosure Statement.  The approval never came and Plaintiff filed a complaint with the New York Better Business Bureau (the "BBB") in July 2012.

21.     After Plaintiff filed his complaint with the BBB, the same ACS manager that "identified the error" offered to reduce Plaintiff's monthly payment amount from $384.00 to $292.00 but extend his payments 24 additional months.  Plaintiff rejected this proposal because it would require him to pay thousands more than the Disclosure Statement, and was the same repayment amount as if he paid $384 per month for the original term.  The ACS manager looked over Plaintiff's account again and agreed.  The ACS manager then advised that he was waiting to meet with someone in ACS's legal department to see what could be done to correct Plaintiff's account.

22.     Months later the ACS manager that "identified the error" called Plaintiff to advise that he was able to get Plaintiff's payment adjusted to $291 per month with 18 additional payments.  Plaintiff rejected this and advised that he had submitted a complaint to the BBB.

23.     At the BBB's recommendation, Plaintiff requested and received a fourth "Loan Consolidation Disclosure Statement and Repayment Schedule," dated October 14, 2012 (the "October 2012 Disclosure Statement").  According to the October 2012 Disclosure Statement, Plaintiff now had 84 remaining payments of approximately $300.00 each (83 payments of $300.28 and one payment of $299.90).  A copy of the October 2012 Disclosure Statement is attached as Exhibit D.[6]

24.     In early November 2012, Plaintiff received a letter from ACS, dated October 24, 2012 (the "October Letter").  The October Letter provided that ACS had adjusted Plaintiff's account to pay a maximum of $37,620.59 in interest (over $6,000.00 above the amount in the

---

[6] The BBB was unable to resolve Plaintiff's complaints and recommended that Plaintiff contact the New York State Attorney General's office for further assistance.

Disclosure Statement) and that his monthly payments would be $291.91.  The October Letter did not say how many payments Plaintiff had remaining but did say that he had already paid $34,189.41 in interest (more than $3,000.00 over the amount in the Disclosure Statement).  A copy of the October Letter is attached as Exhibit E.

25.     In early December 2012, Plaintiff received a fourth "Loan Consolidation Disclosure Statement and Repayment Schedule," dated November 25, 2012 (the "November 2012 Disclosure Statement").  According to the November 2012 Disclosure Statement, Plaintiff now had 82 payments remaining of approximately $303 each (81 payments of $303.10 and one payment of $302.95).  A copy of the November 2012 Disclosure Statement is attached as Exhibit F.  The November 2012 Disclosure Statement further provided that Plaintiff had $6,340.08 in projected interest remaining, which was nearly $3,000.00 more than the interest "maximum" in the October letter and approximately $9,000 more than the total projected interest according to Disclosure Statement.

26.     Based upon the above allegations, it is apparent that ACS employs a sophisticated computer system or systems to automate loan amortization and application of payments.  This system, among other things, credits payments to student loans in a manner that keeps borrowers in debt to maximize the amount of interest paid to the lender over the life of the loans.

27.     The misapplication of Plaintiff's payments toward his Consolidated Student Loan is an exemplar of Defendants' misapplication policy.

**ACS'S SYSTEMATIC MISAPPLICATION OF PAYMENT IS IDENTIFIED IN
REPORTS ISSUED BY THE DEPARTMENT AND FSA**

28.     The failures of the ACS system are documented in both the *Fiscal Year 2012 Annual Report for Federal Student Aid* ("2012 Annual Report")[7] and *U.S. Department of Education FY 2012 Agency Financial Report* ("2012 Financial Report").[8]

29.     The 2012 Annual Report (at p. 39) provides that the ACS Education "servicing system" has "material weaknesses" that impact servicing of FFEL and Direct Loans.  Among the problems created by material weakness identified in the 2012 Annual Report are "inflated loan balances."

30.     The 2012 Financial Report (at p. 33) provides that the ACS Education "servicing system" has "internal control deficiencies" that "may adversely impact the accuracy of financial reporting, to include the reporting of loan balances…"

31.     The "Report of the Independent Auditors" (pp. 93-116 of the 2012 Financial Report) states the following (at p. 98), "**MATERIAL WEAKNESS …1.Controls Surrounding the Department's Debt Management Collection System and ACS, Inc. Education Servicing System Need Improvement.**" (bold in original)

32.     The 2012 Annual Report and 2012 Financial Report corroborate that systems used by ACS to services student loans are materially flawed in a manner, which causes, among other things, overstated loan balances.

---

[7] A copy of the 2012 Annual Report can be found at the link proved in footnote 1, *supra*.
[8] A copy of the 2012 Financial Report can be found at the link provid in footnote 2, *supra*.

## CLASS ACTION ALLEGATIONS

33.     Plaintiff brings this class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of a Class consisting of all borrowers of student loans owned or serviced by Defendants whose student loan payments were applied to prevent or delay repayment of their loans resulting in interest overcharges and/or improperly extended repayment terms (the "Class").

34.     The members of the Class are so numerous that joinder of all members is impracticable.  Although the exact number of members of the Class is unknown to Plaintiff at this time and can only by ascertained through appropriate discovery, Plaintiff reasonably believes there are thousands of members of the Class.

35.     Common questions of law and fact exist to all members of the Class and predominate over any questions solely affecting individual members.  Among the questions of law and fact common to the Class are:

(a)     whether Defendants breached their contract with Plaintiff and the other members of the Class;

(b)     whether Defendants' conduct violated New York General Business Law § 349

(c)     whether Defendants issued false Loan Consolidation Disclosure Statement and Repayment Schedules; and

(d)     Whether Defendants amortized and serviced student loans with legitimate systems that properly credit payments and do not overcharge interest.

36.     Plaintiff's claims are typical of the claims of the members of the Class, as Plaintiff and the other members of the Class sustained damages arising out of the same wrongful conduct by Defendants as alleged herein.

37.     Plaintiff will fairly and adequately protect the interests of the members of the Class and has retained counsel competent and experienced in class action litigation.  Plaintiff has no interests antagonistic to or in conflict with those of the Class.

38.     A class action is superior to all other available methods for the fair and efficient adjudication for the controversy since joinder of all members of the Class is impracticable. Furthermore, as the damages suffered by the individual class members may be relatively small, the expense and burden of individual litigation makes it impracticable for members of the Class to seek redress individually for the wrong done to them.  There will be no difficulty in the management of this action as a class.

### FIRST CLAIM FOR RELIEF

#### (Breach of Contract on behalf of Plaintiff
####  and the Class against all Defendants)

39.     Plaintiff repeats and realleges ¶¶ 1 through 38 as if fully set forth herein.

40.     Defendants' contract with Plaintiff and the other members of the Class provides, in relevant part that:

(a)     student loans will be fully repaid in accordance with the amortization schedules established at the start of repayment based upon the loan's principal, interest rate, and term;

(b)     Loan Consolidation Disclosure Statement and Repayment Schedules contain accurate repayment terms; and

(c)     student loans will be amortized and serviced by legitimate systems that properly credit payments to pay down principal and do not overcharge interest.

41.     Defendants breached their contract by, as alleged above, (i) failing to adhere to amortization schedules established at the start of repayment; (ii) issuing materially incorrect Loan Consolidation Disclosure Statement and Repayment Schedules; and (iii) employing a

system, which credits payments to student loans specifically to keep borrowers in debt to <u>maximize</u> the amount of interest paid to the lender over the life of the loans.

42.     As a result of Defendants' breach of contract, Plaintiff and the Class have been damaged in an amount to be determined at trial.

## **SECOND CLAIM FOR RELIEF**

### **(Violation of N.Y. GBL § 349 on behalf of Plaintiff and the Class against all Defendants)**

43.     Plaintiff repeats and realleges ¶¶ 1 through 42 as if fully set forth herein.

44.     Plaintiff and the other members of the Class have been injured and suffered damages by violations of section 349(a) of New York General Business Law (the "GBL"), which states:

> Deceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state are hereby declared unlawful.

45.     Defendants engaged in acts and practices in the State of New York that were deceptive or misleading in a material way, and that injured Plaintiff and the other members of the Class.  Such acts and practices were likely to mislead a reasonable consumer acting reasonably under the circumstances existing at the time.

46.     Defendants' deceptive acts include representing to borrowers that their loans will be amortized in accordance with amortization schedules established at the start of repayment as reflected on the Loan Consolidation Disclosure Statement and Repayment Schedules issued to borrowers; when in fact the Loan Consolidation Disclosure are materially incorrect and Defendants employ a system, which disregards the proper amortization schedules in favor of crediting payments to student loans in a manner that appears to be intended to keep borrowers in debt to maximize the amount of interest paid to the lender over the life of the loans.

47.     Plaintiff and the other members of the Class have been damaged by Defendants' violations of section 349 of the GBL, for which they seek recovery of the actual damages they suffered because of Defendants' willful and wrongful violations of section 349, in an amount to be determined at trial.

48.     Plaintiff and the other members of the Class also seek to enjoin Defendants' practices that violate section 349 of the GBL.

49.     Plaintiff and the other members of the Class seek treble damages and an award of reasonable attorney's fees pursuant to section 349(h) of the GBL.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff on behalf of himself and the Class prays for judgment as follows:

(a)     Certifying the proposed Class pursuant to Fed. R. Civ. P. 23;

(b)     Designating Plaintiff as representative of the proposed Class and designation of Plaintiff's counsel as Class counsel;

(c)     Awarding Plaintiff and the other members of the Class damages for the wrongful acts alleged;

(d)     Awarding Plaintiff and the other members of the Classes treble damages for Defendants' violations of GBL § 349;

(e)     Enjoining Defendants from continuing the wrongful acts and practices alleged;

(f)     Awarding Plaintiff and the other members of the Class the costs of the suit and attorneys' fees;

(g)     Awarding Plaintiff and the other members of the Class pre and post judgment interest at the maximum legal rate; and

(h)     Awarding Plaintiff and the other members of the Class such other and further relief

as the Court deems just and proper.

## **JURY DEMAND**

Plaintiff demands trial by jury.

Dated: December 6, 2013

BRAGAR EAGEL & SQUIRE, P.C.

By:  s/Justin A. Kuehn
    Lawrence P. Eagel (B.N.: 509836)
    Justin A. Kuehn (B.N.: 519105)
885 Third Avenue, Suite 3040
New York, New York 10022
Tel: (212) 308-5858
Fax: (212) 486-0462
eagel@bespc.com
kuehn@bespc.com

*Attorneys for Plaintiff and the Class*

*Of Counsel:*

I. Stephen Rabin
RABIN &PECKEL LLP
885 Third Avenue, Suite 3040
New York, New York 10022
Tel: (212) 880-3722
Fax: (212) 880-3716
srabin@rabinpeckel.com

# EXHIBIT A



**AFSA Data Corporation**

# LOAN CONSOLIDATION DISCLOSURE STATEMENT AND REPAYMENT SCHEDULE

AFSA
P.O. Box 7051
Utica NY 13504-7051
(800) 835-1484

2010-1                                      SEPTEMBER 28, 1999

JEFFREY D REYNOLDS
14080 CRAMER PL
WOODBRIDGE          VA   22193

For value received, I promise to pay to the order of the   **FIRST UNION NATIONAL BANK, N.A.  CMG**   (The Consolidating Lender)

at its servicer's address printed above, the principal sum of   **$30,441.43**

In United States currency with daily simple interest thereon at the rate and in accordance with the repayment schedule set forth below. If I fail to pay any of these amounts when they are due, I will also pay all charges and other costs - including reasonable attorney fees - that are permitted by law and that are necessary for the collection of these amounts. I also agree to pay all amounts (including interest) outstanding on my student loan(s) which are unpaid as of the date the repayment period begins or resumes. This document incorporates the repayment obligation(s) under original Promisory Note(s) pertaining to the loans listed below. I understand that my obligation is subject to the terms and conditions of such Promissory Note(s), each of which is still in effect in accordance with its terms. The liability of any Endorser(s) on such Promissory Note(s) is not released.

**LOANS TO WHICH THIS REPAYMENT OBLIGATION IS APPLICABLE**

| LOAN DATE | LOAN AMOUNT | INTEREST RATE(%) * | GUARANTOR | LOAN DATE | LOAN AMOUNT | INTEREST RATE(%) * | GUARANTOR |
|---|---|---|---|---|---|---|---|
| 6/23/93 | 22,636.97 | 9.00 | USAF | | | | |

I understand that installments of principal may be deferred if I qualify for one of the deferment conditions listed on the Statements of Rights and Responsibilities printed on the reverse side of this form. I must provide proper documentation to the Lender to support any deferment status.

I further agree to observe regulations relating to the loan(s) and to inform the lender promptly in writing of any changes occuring in my home address or changes affecting my eligibility for deferment. I also will inform the lender promptly in writing of any change in the address of any Endorser(s) on my Promissory Note(s). All payments and other correspondence are to be sent to the servicer named above. I hereby authorize the Lender to obtain enrollment and address information from any of the schools in which I am accepted for enrollment, am enrolled or was enrolled.

I understand that the acceptance by the Lender of any delinquent installment(s) shall not constitute a waiver of any of the rights of the Lender. Should there be a failure to make any installment payment hereunder when due, the unpaid balance shall become immediately due and payable at the option of the Lender.

I understand that consolidation or refinancing options program may be available for FSLP, SLS Program, Plus Program, Perkins Loan Program, Health Profession Student Loan Program, and other educational loan programs. For further information, I should contact the servicer named above.

**PREPAYMENT:** If I pay off all or part of this obligation early I will not have to pay a penalty.
**LATE CHARGE:** If a payment is late by more than 10 days, I may be subject to a late charge of 6 cents for each dollar of each late installment.
This loan is administered under Title IV of the Higher Education Act of 1965, as amended, hereafter referred to as the Act.

| NO. OF PAYMENTS | AMOUNT OF PAYMENTS | DUE MONTHLY BEGINNING | NO. OF PAYMENTS | AMOUNT OF PAYMENTS | DUE MONTHLY BEGINNING | AMOUNT TO BE PAID | |
|---|---|---|---|---|---|---|---|
| 215 | $285.07 | 11/28/99 | | | | 1. Unpaid Principal Balance | $30,441.43 |
| 1 | $283.56 | 10/28/17 | | | | 2. Plus Accrued Unpaid Interest Capitalized | $0.00 |
| | | | | | | 3. Equals Principal Amount To Be Paid | $30,441.43 |
| | | | | | | 4. Plus Accrued Unpaid Interest not Capitalized | $0.00 |
| | | | | | | 5. Plus Projected Interest To Be Paid During Repayment | $31,132.18 |
| | | | | | | 6. Equals Projected Total Amount To Be Paid | $61,573.61 |

DATE REPAYMENT PERIOD BEGINS OR RESUMES   **9/01/99**

CAVEAT

All payments for the repayment period are due on the same day of the month as the initial payment. If a payment is not made as scheduled (e.g. if I am late in making a payment or if I am entitled to a deferment) or if, under applicable law, payments should have commenced on a date other than as listed in the repayment schedule, the Lender will adjust the repayment schedule and if permitted by law may capitalize unpaid accrued interest.

The information disclosed is based on the assumption that, as of the date the first payment is due under the repayment schedule, all payments due prior to such date will have been made as scheduled. The Lender will not collect or attempt to collect from me any portion of the interest due hereunder which is payable by the United States Secretary of Education. This repayment obligation will be interpreted according to Federal Law (20 USC 1071 to 1087-4) and Regulations (34CFR 682 and 683), applicable state law and regulations governing the Federal Family Education Loan Program and the terms of the Promissory Note(s) which I have signed

**SEE REVERSE SIDE FOR IMPORTANT INFORMATION**

SIGNATURE OF BORROWER _____   DATE _____

PERMANENT ADDRESS _____   CITY _____   STATE _____   ZIP CODE _____

☐ Check here if this is a new address

(C511CON)                                                                    000027

# EXHIBIT B

# LOAN CONSOLIDATION DISCLOSURE
## STATEMENT AND REPAYMENT SCHEDULE



**A C S**

ACS Inc.
P.O. Box 7051
Utica NY  13504-7051
(800) 835-4611

8378-1                                                          FEBRUARY 12, 2012

8427                                                             

JEFFREY D REYNOLDS
108 GRAVES DR
FOREST              VA    24551-2618

For value received, you are obligated to pay to the order of the   **WELLS FARGO BANK, N.A.**                  (The Consolidating Lender)
at its servicer's address printed above, the principal sum of      **$20,278.12**              Page         1 Of        1

in United States currency with daily simple interest thereon at the rate and in accordance with the repayment schedule set forth below. If you fail to pay any of these amounts when they are due, you may also be obligated to pay all charges and other costs - including reasonable attorney fees - that are permitted by law and that are necessary for the collection of these amounts. You are also obligated to pay all amounts (including interest) outstanding on your student loan(s) which are unpaid as of the date the repayment period begins or resumes. This document incorporates the repayment obligation(s) under original Promissory Note(s) pertaining to the loans listed below. Your obligation is subject to the terms and conditions of such Promissory Note(s), each of which is still in effect in accordance with its terms. The liability of any Endorser(s) on such Promissory Note(s) is not released.

### LOANS TO WHICH THIS REPAYMENT OBLIGATION IS APPLICABLE

| LOAN DATE | LOAN AMOUNT | INTEREST RATE(%) * | GUARANTOR | LOAN DATE | LOAN AMOUNT | INTEREST RATE(%) * | GUARANTOR |
|---|---|---|---|---|---|---|---|
| 6/23/93 | 22,636.97 | 9.00 | USAF | | | | |

Your installments of principal may be deferred if you qualify for one of the deferment conditions listed on the Statement of Rights and Responsibilities printed on the reverse side of this form. You must provide proper documentation to the Lender to support any deferment status.

You are obligated to observe regulations relating to the loan(s) and to inform the lender promptly in writing of any changes occurring in your home address or changes affecting your eligibility for deferment. You are obligated to inform the lender promptly in writing of any change in the address of any Endorser(s) on your Promissory Note(s). You are further obligated to send all payments and other correspondence to the servicer named above. Your Lender is authorized to obtain enrollment and address information from any of the schools in which you are accepted for enrollment, are enrolled or was enrolled.
Acceptance by the Lender of any delinquent installment(s) shall not constitute a waiver of any of the rights of the Lender. Should you fail to make any installment payment hereunder when due, the unpaid balance shall become immediately due and payable at the option of the Lender.
Consolidation or refinancing options may be available for STAFFORD, SLS Program, Plus Program, Perkins Loan Program, Health Profession Student Loan Program, and other educational loan programs. For further information, you should visit Direct Loan Consolidations at http://www.loanconsolidation.ed.gov regarding a consolidation loan with a repayment term between 10 and 30 years depending on your principal balance.
**PREPAYMENT:**       If you pay off all or part of this obligation early, you will not have to pay a penalty.
**LATE CHARGE:**       If a payment is late by more than 10 days, you may be subject to a late charge of 6 cents for each dollar of each late installment.
This loan is administered under Title IV of the Higher Education Act of 1965, as amended, hereafter referred to as the Act.

| NO. OF PAYMENTS | AMOUNT OF PAYMENTS | DUE MONTHLY BEGINNING | NO. OF PAYMENTS | AMOUNT OF PAYMENTS | DUE MONTHLY BEGINNING | AMOUNT TO BE PAID | |
|---|---|---|---|---|---|---|---|
| 68 | $377.54 | 2/28/12 | | | | 1. Unpaid Principal Balance | $20,278.12 |
| 1 | $377.15 | 10/28/17 | | | | 2. Plus Accrued Unpaid Interest Capitalized | $0.00 |
| | | | | | | 3. Equals Principal Amount To Be Paid | $20,278.12 |
| | | | | | | 4. Plus Accrued Unpaid Interest not Capitalized | $24.98 |
| | | | | | | 5. Plus Projected Interest To Be Paid During Repayment | $5,771.75 |
| | | | | | | 6. Equals Projected Total Amount To Be Paid | $26,074.85 |

DATE REPAYMENT PERIOD BEGINS OR RESUMES   2/01/12       CAVEAT

All payments for the repayment period are due on the same day of the month as the initial payment. If a payment is not made as scheduled (e.g. if you are late in making a payment or if you are entitled to a deferment) or if, under applicable law, payments should have commenced on a date other than as listed in the repayment schedule, the Lender will adjust the repayment schedule and if permitted by law may capitalize unpaid accrued interest.

The information disclosed is based on the assumption that, as of the date the first payment is due under the repayment schedule, all payments due prior to such date will have been made as scheduled. The Lender will not collect or attempt to collect from you any portion of the interest due hereunder which is payable by the United States Secretary of Education. This repayment obligation will be interpreted according to Federal Law (20 USC 1071 to 1087-4) and Regulations (34CFR 682), applicable state law and regulations governing the Federal Family Education Loan Program and the terms of the Promissory Note(s) which you have signed.

SEE REVERSE SIDE FOR IMPORTANT INFORMATION

_____   _____
SIGNATURE OF BORROWER                        DATE

_____   _____       _____   _____
PERMANENT ADDRESS                                                CITY                       STATE          ZIP CODE
☐ Check here if this is a new address

(C511CON)

# EXHIBIT C



**LOAN CONSOLIDATION DISCLOSURE STATEMENT AND REPAYMENT SCHEDULE**

ACS Inc.
P.O. Box 7051
Utica NY 13504-7051
(800) 835-4611

████████ 378-1

MARCH 25, 2012

████████ 6423

JEFFREY D REYNOLDS
108 GRAVES DR
FOREST                    VA    24551-2618

For value received, you are obligated to pay to the order of the   **WELLS FARGO BANK, N.A.**                    (The Consolidating Lender)

at its servicer's address printed above, the principal sum of              **$20,153.01**              Page          1   Of          1

in United States currency with daily simple interest thereon at the rate and in accordance with the repayment schedule set forth below. If you fail to pay any of these amounts when they are due, you may also be obligated to pay all charges and other costs - including reasonable attorney fees - that are permitted by law and that are necessary for the collection of these amounts. You are also obligated to pay all amounts (including interest) outstanding on your student loan(s) which are unpaid as of the date the repayment period begins or resumes. This document incorporates the repayment obligation(s) under original Promissory Note(s) pertaining to the loans listed below. Your obligation is subject to the terms and conditions of such Promissory Note(s), each of which is still in effect in accordance with its terms. The liability of any Endorser(s) on such Promissory Note(s) is not released.

**LOANS TO WHICH THIS REPAYMENT OBLIGATION IS APPLICABLE**

| LOAN DATE | LOAN AMOUNT | INTEREST RATE(%) * | GUARANTOR | LOAN DATE | LOAN AMOUNT | INTEREST RATE(%) * | GUARANTOR |
|-----------|-------------|--------------------|-----------|-----------|-------------|--------------------|-----------|
| 6/23/93 | 22,636.97 | 9.00 | USAF | | | | |

Your installments of principal may be deferred if you qualify for one of the deferment conditions listed on the Statement of Rights and Responsibilities on the reverse side of this form. You must provide proper documentation to the Lender to support any deferment status.

You are obligated to observe regulations relating to the loan(s) and to inform the lender promptly in writing of any changes occurring in your home address or changes affecting your eligibility for deferment. You are obligated to inform the lender promptly in writing of any change in the address of any Endorser(s) on your Promissory Note(s). You are further obligated to send all payments and other correspondence to the servicer named above. Your Lender is authorized to obtain enrollment and address information from any of the schools in which you are accepted for enrollment, are enrolled or was enrolled.
Acceptance by the Lender of any delinquent installment(s) shall not constitute a waiver of any of the rights of the Lender. Should you fail to make any installment payment hereunder when due, the unpaid balance shall become immediately due and payable at the option of the Lender.

Consolidation or refinancing options may be available for STAFFORD, SLS Program, Plus Program, Perkins Loan Program, Health Profession Student Loan Program, and other educational loan programs. For further information, you should visit Direct Loan Consolidations at http://www.loanconsolidation.ed.gov regarding a consolidation loan with a repayment term between 10 and 30 years depending on your principal balance.

**PREPAYMENT:**   If you pay off all or part of this obligation early, you will not have to pay a penalty.
**LATE CHARGE:**   If a payment is late by more than 10 days, you may be subject to a late charge of 6 cents for each dollar of each late installment.
This loan is administered under Title IV of the Higher Education Act of 1965, as amended, hereafter referred to as the Act.

| NO. OF PAYMENTS | AMOUNT OF PAYMENTS | DUE MONTHLY BEGINNING | NO. OF PAYMENTS | AMOUNT OF PAYMENTS | DUE MONTHLY BEGINNING | AMOUNT TO BE PAID | |
|-----------------|--------------------|-----------------------|-----------------|--------------------|-----------------------|-------------------|--|
| 66 | $383.78 | 4/28/12 | | | | 1. Unpaid Principal Balance | $20,153.01 |
| 1 | $383.06 | 10/28/17 | | | | 2. Plus Accrued Unpaid Interest Capitalized | $0.00 |
| | | | | | | 3. Equals Principal Amount To Be Paid | $20,153.01 |
| | | | | | | 4. Plus Accrued Unpaid Interest not Capitalized | $4.97 |
| | | | | | | 5. Plus Projected Interest To Be Paid During Repayment | $5,559.53 |
| | | | | | | 6. Equals Projected Total Amount To Be Paid | $25,717.51 |

DATE REPAYMENT PERIOD BEGINS OR RESUMES   3/01/12

All payments for the repayment period are due on the same day of the month as the initial payment. If a payment is not made as scheduled (e.g. if you are late in making a payment or if you are entitled to a deferment) or if, under applicable law, payments should have commenced on a date other than as listed in the repayment schedule, the Lender will adjust the repayment schedule and if permitted by law may capitalize unpaid accrued interest.

**CAVEAT**

The information disclosed is based on the assumption that, as of the date the first payment is due under the repayment schedule, all payments due prior to such date will have been made as scheduled. The Lender will not collect or attempt to collect from you any portion of the interest due hereunder which is payable by the United States Secretary of Education. This repayment obligation will be interpreted according to Federal Law (20 USC 1071 to 1087-4) and Regulations (34CFR 682), applicable state law and regulations governing the Federal Family Education Loan Program and the terms of the Promissory Note(s) which you have signed.

SEE REVERSE SIDE FOR IMPORTANT INFORMATION

_____          _____
SIGNATURE OF BORROWER                          DATE

_____          _____          _____          _____          _____
PERMANENT ADDRESS                              CITY                     STATE               ZIP CODE
☐  Check here if this is a new address

(C511CON)



# EXHIBIT D

**LOAN CONSOLIDATION DISCLOSURE
STATEMENT AND REPAYMENT SCHEDULE**



ACS Inc.
P.O. Box 7051
Utica NY  13504-7051
(800) 835-4611

 378-1

OCTOBER 14, 2012

9273

JEFFREY D REYNOLDS
108 GRAVES DR
FOREST          VA   24551-2618

For value received, you are obligated to pay to the order of the   **WELLS FARGO BANK, N.A.**      (The Consolidating Lender)

at its servicer's address printed above, the principal sum of      **$18,663.40**      Page      1 Of      1

in United States currency with daily simple interest thereon at the rate and in accordance with the repayment schedule set forth below. If you fail to pay any of these amounts when they are due, you may also be obligated to pay all charges and other costs - including reasonable attorney fees - that are permitted by law and that are necessary for the collection of these amounts. You are also obligated to pay all amounts (including interest) outstanding on your student loan(s) which are unpaid as of the date the repayment period begins or resumes. This document incorporates the repayment obligation(s) under original Promissory Note(s) pertaining to the loans listed below. Your obligation is subject to the terms and conditions of such Promissory Note(s), each of which is still in effect in accordance with its terms. The liability of any Endorser(s) on such Promissory Note(s) is not released.

**LOANS TO WHICH THIS REPAYMENT OBLIGATION IS APPLICABLE**

| LOAN DATE | LOAN AMOUNT | INTEREST RATE(%) * | GUARANTOR | LOAN DATE | LOAN AMOUNT | INTEREST RATE(%) * | GUARANTOR |
|-----------|-------------|---------------------|-----------|-----------|-------------|---------------------|-----------|
| 6/23/93 | 22,636.97 | 9.00 | USAF | | | | |
| | | | | | | | |

Your installments of principal may be deferred if you qualify for one of the deferment conditions listed on the Statement of Rights and Responsibilities printed on the reverse side of this form. You must provide proper documentation to the Lender to support any deferment status.

You are obligated to observe regulations relating to the loan(s) and to inform the lender promptly in writing of any changes occurring in your home address or changes affecting your eligibility for deferment. You are obligated to inform the lender promptly in writing of any change in the address of any Endorser(s) on your Promissory Note(s). You are further obligated to send all payments and other correspondence to the servicer named above. Your Lender is authorized to obtain enrollment and address information from any of the schools in which you are accepted for enrollment, are enrolled or was enrolled.

Acceptance by the Lender of any delinquent installment(s) shall not constitute a waiver of any of the rights of the Lender. Should you fail to make any installment payment hereunder when due, the unpaid balance shall become immediately due and payable at the option of the Lender.

Consolidation or refinancing options may be available for STAFFORD, SLS Program, Plus Program, Perkins Loan Program, Health Profession Student Loan Program, and other educational loan programs.  For further information, you should visit Direct Loan Consolidations at http://www.loanconsolidation.ed.gov regarding a consolidation loan with a repayment term between 10 and 30 years depending on your principal balance.

**PREPAYMENT:**     If you pay off all or part of this obligation early, you will not have to pay a penalty.

**LATE CHARGE:**     If a payment is late by more than 10 days, you may be subject to a late charge of 6 cents for each dollar of each late installment.

This loan is administered under Title IV of the Higher Education Act of 1965, as amended, hereafter referred to as the Act.

| NO. OF PAYMENTS | AMOUNT OF PAYMENTS | DUE MONTHLY BEGINNING | NO. OF PAYMENTS | AMOUNT OF PAYMENTS | DUE MONTHLY BEGINNING | AMOUNT TO BE PAID | |
|---|---|---|---|---|---|---|---|
| 83 | $300.28 | 10/28/12 | | | | 1. Unpaid Principal Balance | $18,663.40 |
| 1 | $299.90 | 9/28/19 | | | | 2. Plus Accrued Unpaid Interest Capitalized | $0.00 |
| | | | | | | 3. Equals Principal Amount To Be Paid | $18,663.40 |
| | | | | | | 4. Plus Accrued Unpaid Interest not Capitalized | $13.80 |
| | | | | | | 5. Plus Projected Interest To Be Paid During Repayment | $6,559.74 |
| | | | | | | 6. Equals Projected Total Amount To Be Paid | $25,236.94 |

DATE REPAYMENT PERIOD BEGINS OR RESUMES   **10/01/12**          CAVEAT

All payments for the repayment period are due on the same day of the month as the initial payment. If a payment is not made as scheduled (e.g. if you are late in making a payment or if you are entitled to a deferment) or if, under applicable law, payments should have commenced on a date other than as listed in the repayment schedule, the Lender will adjust the repayment schedule and if permitted by law may capitalize unpaid accrued interest.

The information disclosed is based on the assumption that, as of the date the first payment is due under the repayment schedule, all payments due prior to such date will have been made as scheduled. The Lender will not collect or attempt to collect from you any portion of the interest due hereunder which is payable by the United States Secretary of Education. This repayment obligation will be interpreted according to Federal Law (20 USC 1071 to 1087-4) and Regulations (34CFR 682), applicable state law and regulations governing the Federal Family Education Loan Program and the terms of the Promissory Note(s) which you have signed.

SEE REVERSE SIDE FOR IMPORTANT INFORMATION

_____          _____
SIGNATURE OF BORROWER                   DATE

_____          _____     _____     _____
PERMANENT ADDRESS                         CITY                 STATE       ZIP CODE

☐ Check here if this is a new address



(C511CON)

# EXHIBIT E



**A C S** ®

October 24, 2012

Jeffrey D. Reynolds
108 Graves Dr
Forest, VA  24551

Account Number: ████378-1

Dear Mr. Reynolds,

Per our conversation, we have the following information regarding the status of your Educational Loan above:

Your account has been adjusted so you will pay a maximum of $37,620.59 in interest over the life of your loan.  To date, you have paid $34,189.41.  Once you have paid the difference of $3,431.18, all remaining payments will be applied directly to your principal balance.

Your monthly payments have been lowered to $291.91/month.

If you have any further questions or concerns, please feel free to contact me Monday through Friday, 2:30PM to 11:00PM EST at 315-738-2250.  You may see your current account information by visiting our website at www.acs-education.com.  Thank you for the opportunity to service this Educational Loan account.

Sincerely,

Jason West
Supervisor
ACS Education Services, Inc.

ACS Education Services, Inc.
P.O. Box 7051
Utica, NY  13504-7051
www.acs-education.com

# EXHIBIT F

## LOAN CONSOLIDATION DISCLOSURE
## STATEMENT AND REPAYMENT SCHEDULE



ACS Inc.
P.O. Box 7051
Utica NY  13504-7051
(800) 835-4611

*315--738-2250*
*Cal'd*
*'21/10-12*
*LM*

378-1

NOVEMBER 25, 2012

JEFFREY D REYNOLDS
108 GRAVES DR
FOREST                    VA   24551-2618

For value received, you are obligated to pay to the order of the        **WELLS FARGO BANK, N.A.**                    (The Consolidating Lender)

at its servicer's address printed above, the principal sum of            **$18,513.97**            Page        1   Of        1

in United States currency with daily simple interest thereon at the rate and in accordance with the repayment schedule set forth below. If you fail to pay any of these amounts when they are due, you may also be obligated to pay all charges and other costs - including reasonable attorney fees - that are permitted by law and that are necessary for the collection of these amounts. You are also obligated to pay all amounts (including interest) outstanding on your student loan(s) which are unpaid as of the date the repayment period begins or resumes.  This document incorporates the repayment obligation(s) under original Promissory Note(s) pertaining to the loans listed below. Your obligation is subject to the terms and conditions of such Promissory Note(s), each of which is still in effect in accordance with its terms. The liability of any Endorser(s) on such Promissory Note(s) is not released.

**LOANS TO WHICH THIS REPAYMENT OBLIGATION IS APPLICABLE**

| LOAN DATE | LOAN AMOUNT | INTEREST RATE(%) * | GUARANTOR | LOAN DATE | LOAN AMOUNT | INTEREST RATE(%) * | GUARANTOR |
|-----------|-------------|--------------------|-----------|-----------|-------------|--------------------|-----------|
| 6/23/93 | 22,636.97 | 9.00 | USAF | | | | |

Your installments of principal may be deferred if you qualify for one of the deferment conditions listed on the Statement of Rights and Responsibilities printed on the reverse side of this form. You must provide proper documentation to the Lender to support any deferment status.

You are obligated to observe regulations relating to the loan(s) and to inform the lender promptly in writing of any changes occurring in your home address or changes affecting your eligibility for deferment. You are obligated to inform the lender promptly in writing of any change in the address of any Endorser(s) on your Promissory Note(s). You are further obligated to send all payments and other correspondence to the servicer named above. Your Lender is authorized to obtain enrollment and address information from any of the schools in which you are accepted for enrollment, are enrolled or was enrolled.
Acceptance by the Lender of any delinquent installment(s) shall not constitute a waiver of any of the rights of the Lender. Should you fail to make any installment payment hereunder when due, the unpaid balance shall become immediately due and payable at the option of the Lender.
Consolidation or refinancing options may be available for STAFFORD, SLS Program, Plus Program, Perkins Loan Program, Health Profession Student Loan Program, and other educational loan programs.  For further information, you should visit Direct Loan Consolidations at http://www.loanconsolidation.ed.gov regarding a consolidation loan with a repayment term between 10 and 30 years depending on your principal balance.
**PREPAYMENT:**    If you pay off all or part of this obligation early, you will not have to pay a penalty.
**LATE CHARGE:**    If a payment is late by more than 10 days, you may be subject to a late charge of 6 cents for each dollar of each late installment.
This loan is administered under Title IV of the Higher Education Act of 1965, as amended, hereafter referred to as the Act.

| NO. OF PAYMENTS | AMOUNT OF PAYMENTS | DUE MONTHLY BEGINNING | NO. OF PAYMENTS | AMOUNT OF PAYMENTS | DUE MONTHLY BEGINNING | AMOUNT TO BE PAID | |
|-----------------|--------------------|-----------------------|-----------------|--------------------|-----------------------|-------------------|-|
| 81 | $303.10 | 12/28/12 | | | | 1. Unpaid Principal Balance | $18,513.97 |
| 1 | $302.95 | 9/28/19 | | | | 2. Plus Accrued Unpaid Interest Capitalized | $0.00 |
| | | | | | | 3. Equals Principal Amount To Be Paid | $18,513.97 |
| | | | | | | 4. Plus Accrued Unpaid Interest not Capitalized | $13.69 |
| | | | | | | 5. Plus Projected Interest To Be Paid During Repayment | $6,340.08 |
| | | | | | | 6. Equals Projected Total Amount To Be Paid | $24,867.74 |

DATE REPAYMENT PERIOD BEGINS OR RESUMES   **11/01/12**

All payments for the repayment period are due on the same day of the month as the initial payment. If a payment is not made as scheduled (e.g. if you are late in making a payment or if you are entitled to a deferment) or if, under applicable law, payments should have commenced on a date other than as listed in the repayment schedule, the Lender will adjust the repayment schedule and if permitted by law may capitalize unpaid accrued interest.

**CAVEAT**

The information disclosed is based on the assumption that, as of the date the first payment is due under the repayment schedule, all payments due prior to such date will have been made as scheduled. The Lender will not collect or attempt to collect from you any portion of the interest due hereunder which is payable by the United States Secretary of Education. This repayment obligation will be interpreted according to Federal Law (20 USC 1071 to 1087-4) and Regulations (34CFR 682), applicable state law and regulations governing the Federal Family Education Loan Program and the terms of the Promissory Note(s) which you have signed.

SEE REVERSE SIDE FOR IMPORTANT INFORMATION

SIGNATURE OF BORROWER                          DATE

PERMANENT ADDRESS                                              CITY                          STATE          ZIP CODE
☐ Check here if this is a new address

(C511CON)

