UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------- x

JEFFREY D. REYNOLDS,

                 Plaintiff,

        -against-

XEROX EDUCATION SERVICES, INC., f/k/a ACS
EDUCATION SERVICES, INC. and WELLS FARGO
BANK, N.A.,

             Defendants.

----------------------------------------------------------------- x

:    13-cv-1223 (LEK) (TWD)

## MEMORANDUM OF LAW IN SUPPORT
## OF DEFENDANTS' MOTION TO DISMISS

HINSHAW & CULBERTSON LLP
   Edward K. Lenci
800 Third Avenue, 13th Floor
New York, New York 10022
Tel:  (212) 471-6200
Fax:  (212) 935-1166
elenci@hinshawlaw.com
*Counsel for Defendant*
*Xerox Education Services, LLC*

HOGAN LOVELLS US LLP
   Allison J. Schoenthal
   Robin L. Muir
875 Third Avenue
New York, New York 10022
Tel:  (212) 918-3000
Fax:  (212) 918-3100
allison.schoenthal@hoganlovells.com
robin.muir@hoganlovells.com
*Counsel for Defendant*
*Wells Fargo Bank, N.A.*

## <u>TABLE OF CONTENTS</u>

Page

PRELIMINARY STATEMENT ..................................................................................... 1

BACKGROUND ........................................................................................................... 2

ARGUMENT ................................................................................................................. 4

I.     PLAINTIFF'S BREACH OF CONTRACT CLAIM IS MOOT AS A
RESULT OF THE OFFER OF JUDGMENT AND THEREFORE,
SHOULD BE DISMISSED FOR LACK OF SUBJECT MATTER
JURISDICTION ........................................................................................... 4

II.    PLAINTIFF'S GBL § 349 CAUSE OF ACTION SHOULD BE
DISMISSED AGAINST BOTH DEFENDANTS BECAUSE IT FAILS
TO STATE A VALID CLAIM AND AS TO DEFENDANT WELLS
FARGO FOR THE ADDITIONAL REASON THAT PLAINTIFF
LACKS STANDING ..................................................................................... 8

     A.    Legal Standard for Rule 12(b)(6) Motion to Dismiss ................................. 8

     B.    Plaintiff Fails to Allege Each of the Elements Required to Plead a
Valid GBL § 349 Cause of Action .......................................................... 10

          1.    No Consumer-Oriented Conduct ................................................... 11

          2.    No Deceptive Acts ........................................................................ 13

          3.    No Materially Misleading Conduct .............................................. 14

          4.    No Injury ....................................................................................... 15

     C.    The GBL § 349 Claim Further Fails as Against Wells Fargo ................... 15

          1.    Plaintiff, a Virginia Resident, Lacks Standing to Assert a
Claim Under GBL § 349, a New York Consumer
Protection Statute ......................................................................... 15

          2.    Plaintiff Fails to Allege Any Deceptive Conduct by Wells
Fargo, Specifically ...................................................................... 16

CONCLUSION ........................................................................................................... 18

i

## TABLE OF AUTHORITIES

**Page(s)**

CASES

*Abrams v. Interco Inc.,*
   719 F.2d 23 (2d Cir. 1983).................................................................................................5, 6

*Allen v. WestPoint-Pepperell, Inc.,*
   945 F.2d 40 (2d Cir. 1991)....................................................................................................2

*Ambalu v. Rosenblatt,*
   194 F.R.D. 451 (E.D.N.Y. 2000)..........................................................................................7

*Ashcroft v. Iqbal,*
   556 U.S. 662 (2009)...............................................................................................8, 9, 10

*Aztec Energy Partners, Inc. v. Sensor Switch, Inc.,*
   531 F. Supp. 2d 226 (D. Conn. 2007)..................................................................................10

*Bartlett v. Nationwide Mut. Fire Ins. Co.,*
   No. 12-cv-435-A, 2013 WL 623497 (W.D.N.Y. Feb. 19, 2013)...............................9, 11, 13

*Bell Atl. Corp. v. Twombly,*
   550 U.S. 544 (2007)...............................................................................................8, 9, 10

*Bono v. Monarch Life Ins. Co.,*
   No. 05-cv-281S, 2006 WL 839412 (W.D.N.Y. Mar. 27, 2006)........................................11, 12

*Broder v. MBNA Corp.,*
   281 A.D.2d 369, 722 N.Y.S.2d 524 (1st Dep't 2001)............................................................13

*Cohen v. Transp. Ins. Co.,*
   No. 10-cv-0743 (GTS) (RFT), 2011 WL 3650284 (N.D.N.Y. Aug. 18, 2011)...............11, 13

*Cohen v. U.S. Fidelity and Guar. Co.,*
   No. 04-cv-5921 (RMB) (MHD), 2005 WL 1036097 (S.D.N.Y. May 4, 2005).......................9

*Cruz v. NYNEX Info. Res.,*
   263 A.D.2d 285, 703 N.Y.S.2d 103 (1st Dep't 2000)............................................................12

*Doyle v. Midland Credit Mgmt., Inc.,*
   722 F.3d 78 (2d Cir. 2013)..............................................................................................4, 5, 6

*Dweck v. Oppenheimer & Co., Inc.,*
   30 A.D.3d 163, 816 N.Y.S.2d 440 (1st Dep't 2006)............................................................15

*Ferdinand-Davenport v. Children's Guild,*
   742 F. Supp. 2d 772 (D. Md. 2010).....................................................................................10

*Fink v. Time Warner Cable*,
    714 F.3d 739 (2d Cir. 2013)..................................................................................................13

*Fowler v. UPMC Shadyside*,
    578 F.3d 203 (3d Cir. 2009).................................................................................................10

*Fox v. Bd. of Trustees of State Univ. of N.Y.*,
    42 F.3d 135 (2d Cir. 1994)....................................................................................................4

*Francis v. Giacomelli*,
    588 F.3d 186 (4th Cir. 2009) ...............................................................................................10

*Genesis Healthcare Corp. v. Symczyk*,
    133 S.Ct. 1523 (2013)............................................................................................................7

*Gomez-Jimenez v. N.Y. Law Sch.*,
    103 A.D.3d 13, 956 N.Y.S.2d 54 (1st Dep't 2012) .............................................................12

*Gorham-DiMaggio v. Countrywide Home Loans, Inc.*,
    592 F. Supp. 2d 283 (N.D.N.Y. 2008)..................................................................................12

*Goshen v. Mut. Life Ins. Co. of N.Y.*,
    98 N.Y.2d 314, 746 N.Y.S.2d 858 (2002) ...........................................................................15

*Greif v. Wilson, Elser, Moskowitz, Edelman & Dicker LLP*,
    258 F. Supp. 2d 157 (E.D.N.Y. 2003) ...................................................................................7

*Krim v. pcOrder.com, Inc.*,
    402 F.3d 489 (5th Cir. 2005) .................................................................................................5

*Lava Trading Inc. v. Hartford Fire Ins. Co.*,
    326 F. Supp. 2d 434 (S.D.N.Y. 2004)....................................................................................9

*Lopez-Martinez v. Gokul Inc. of N.Y.*,
    No. 13-cv-467 (GLS) (RFT), 2013 WL 6145795 (N.D.N.Y. Nov. 21, 2013).....................6, 7

*MaGee v. Paul Revere Life Ins. Co.*,
    954 F. Supp. 582 (E.D.N.Y. 1997) ........................................................................................9

*Maurizio v. Goldsmith*,
    230 F.3d 518 (2d Cir. 2000)................................................................................................10

*McCauley v. Trans Union, L.L.C.*,
    402 F.3d 340 (2d Cir. 2005)..................................................................................................5

*McGuire v. Russell Miller, Inc.*,
    1 F.3d 1306 (2d Cir. 1993)....................................................................................................7

*Milich v. State Farm Fire & Cas. Co.*,
    513 F. App'x 97 (2d Cir. 2013) ...................................................................13

*OneBeacon Ins. Co. v. Freundschuh*,
    No. 08-cv-0823-A(SR), 2010 WL 3091446 (W.D.N.Y. May 21, 2010)..................................9

*Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank*,
    85 N.Y.2d 20, 623 N.Y.S.2d 529 (1995) ...........................................................10, 12

*Patterson v. Somerset Investors Corp.*,
    96 A.D.3d 817, 946 N.Y.S.2d 217 (2d Dep't 2012) ................................................13

*PB Ams. Inc. v. Cont'l Cas. Co.*,
    690 F. Supp. 2d 242 (S.D.N.Y. 2010)..............................................................11

*Pelman ex rel. Pelman v. McDonald's Corp.*,
    396 F.3d 508 (2d Cir. 2005).......................................................................10

*Perfect Dental, PLLC v. Allstate Ins. Co.*,
    Nos. 04-cv-0586, 04-cv-0588, 2006 WL 2552171 (E.D.N.Y. Aug. 31, 2006) .........................9

*Powell v. McCormack*,
    395 U.S. 486 (1969)................................................................................4

*Raja v. Englewood Cmty. Hosp., Inc.*,
    No. 12-cv-02083 (JDW), 2013 WL 4016518 (M.D. Fla. 2013) ......................................10

*Schlessinger v. Valsapar Corp.*,
    723 F.3d 396 (2d Cir. 2013)......................................................................10

*Schwab v. Smalls*,
    435 F. App'x 37 (2d Cir. 2011) ..................................................................10

*Spagnola v. Chubb Corp.*,
    574 F.3d 64 (2d Cir. 2009).......................................................................13

*Swierkiewicz v. Sorema N.A.*,
    534 U.S. 506 (2002)..............................................................................10

*Thomas v. JPMorgan Chase & Co.*,
    811 F. Supp. 2d 781 (S.D.N.Y. 2011)..............................................................15

*Tinlee Enters., Inc. v. Aetna Cas. & Sur. Co.*,
    834 F. Supp. 605 (E.D.N.Y. 1993) ...............................................................13

*Tratt v. Retreival Maters Creditors Bureau, Inc.*,
    No. 00-cv-4560 (ILG), 2001 WL 667602 (E.D.N.Y. May 23, 2001)....................................7

*USAlliance Fed. Credit Union v. CUMIS Ins. Soc. Inc.*,
    346 F. Supp. 2d 468 (S.D.N.Y. 2004).......................................................................9

*Warren v. Sessoms & Rogers, P.A.*,
    676 F.3d 365 (4th Cir. 2012) ..................................................................................5

**STATUTES**

N.Y. Gen. Bus. Law § 349...................................................................... *passim*

Defendants Xerox Education Services, LLC ("XES") and Wells Fargo Bank, N.A. ("Wells Fargo") (together, "Defendants"), by their respective undersigned counsel, submit this memorandum of law in support of their motion, pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, for an order dismissing the claims asserted against them by plaintiff Jeffrey D. Reynolds ("Plaintiff") in his "Amended Class Action Complaint," filed on December 6, 2013 (the "Amended Complaint" or "Am. Compl.").

## PRELIMINARY STATEMENT

Plaintiff, a student loan borrower, commenced this action against Wells Fargo, the current owner of his loan, and XES, the servicer of his loan.  In his Amended Complaint, he asserts causes of action for breach of contract and violations of section 349(a) of New York General Business Law (the "GBL").  Defendants now move to dismiss.

Plaintiff's breach of contract claim is based on changes made to the repayment schedule for his student loan.  After Plaintiff filed his Amended Complaint, Defendants made an offer of judgment in full satisfaction of Plaintiff's breach of contract claim; that is, the offer changed his repayment schedule back.  Even though Plaintiff did not accept it, Defendants' offer of complete relief rendered Plaintiff's breach of contract claim moot as a matter of law.  As such, that claim should be dismissed for lack of subject matter jurisdiction pursuant to Rule 12(b)(1).

Plaintiff's GBL § 349 claim is based on alleged deceptive acts committed by Defendants in connection with the servicing of his loan.  Because these allegedly deceptive acts are specific to Plaintiff's loan, and not consumers at large, they cannot give rise to a violation of GBL § 349; and because Plaintiff fails to otherwise identify a deceptive consumer-oriented act that is materially misleading to the consumer public, his GBL § 349 claim should be dismissed pursuant to Rule 12(b)(6).  The GBL § 349 claim further fails as against Wells Fargo because Plaintiff, a

Virginia resident, lacks standing to assert a violation of a New York consumer protection statute for acts that did not occur in New York.

For these reasons and those that follow, Defendants' motion to dismiss should be granted in its entirety.

## BACKGROUND

On or about June 23, 1993, Plaintiff, an individual and a resident of the State of Virginia, consolidated four student loans into one loan in the total principal amount of $22,636.97. (Am. Compl. ¶ 7; Muir Decl. Ex. A).[1]

Defendant Wells Fargo is a national banking association and the current owner of Plaintiff's consolidated student loan. (Am. Compl. ¶ 9). Defendant XES is a Delaware corporation and the servicer of Plaintiff's consolidated student loan. (Am. Compl. ¶ 8).

On February 13, 2013, Plaintiff commenced this action in the U.S. District Court for the Southern District of New York against Defendants, claiming breach of contract and unjust enrichment, stemming from changes to the repayment schedule for his consolidated student loan. (Document No. 1).

In response, Defendants moved to dismiss the Complaint under the doctrine of forum *non conveniens*, or in the alternative, to transfer the action to the more convenient forum, and to dismiss the unjust enrichment claim. (Document No. 10). Following oral argument, by order,

---

[1] A copy of the Loan Consolidation Application and Promissory Note is annexed as Exhibit A to the accompanying Declaration of Robin L. Muir, dated January 10, 2014 ("Muir Decl."). The Court may consider this document determining this motion because it is integral to Plaintiff's claims and referenced by Plaintiff in the Amended Complaint. *See Allen v. WestPoint-Pepperell, Inc.*, 945 F.2d 40, 44 (2d Cir. 1991).

dated September 19, 2013, the Honorable Harold Baer granted Defendants' motion to the extent of transferring the action to this Court and declined to address the merits of Plaintiff's unjust enrichment claim.  (Document No. 26).

After the action was transferred to this Court, Defendants renewed their motion to dismiss the unjust enrichment claim.  (Document No. 42).  Thereafter, Plaintiff filed the Amended Complaint, which dropped the unjust enrichment claim and added a cause of action under GBL § 349 based on Defendants' allegedly deceptive acts regarding the servicing of his student loan.  (Document No. 50).  But, aside from Plaintiff's misleading quotation of two government reports, *which actually have nothing to do with XES or Wells Fargo*,[2] no new facts are alleged in the Amended Complaint that would support the newfound GBL § 349 claim that were not in Plaintiff's original Complaint.

On December 23, 2014, XES, on behalf of itself and Wells Fargo, served an offer of judgment, pursuant to Rule 68 (the "Offer of Judgment").  It offered:

> [T]o allow judgment to be entered in favor of Plaintiff, Jeffrey D. Reynolds ("Plaintiff" or "Reynolds"), on an individual basis only, as follows: a) henceforth, Reynolds need make payments of only $285.07 per month and one final payment of $283.56 on October 28, 2017; b) he will receive a refund representing the amount of alleged monthly overpayments he has made as of the time the foregoing payment plan is put in place; c) he will receive pre-judgment interest, at the New York State statutory rate of 9% per annum, on such overpayments through the date of refund, inclusive; and d) he will receive his "costs then accrued" (Rule 68, Fed. R. Civ. Pr.).

---

[2] As explained in the accompanying Declaration of Jamie Broedel of XES, dated January 10, 2014 ("Broedel Decl."), the Xerox entity that is the subject of the two reports cited in the Amended Complaint is *not* Defendant XES.  Defendant XES's name is Xerox Education *Services*, LLC, and the entity expressly named in the two reports is Xerox Education *Solutions*, LLC.  As Ms. Broedel explains in her Declaration, the two entities are separately incorporated and have different personnel, occupy different space, and use different computer systems.

(Lenci Decl. ¶ 2).[3]   Even though the Offer of Judgment fully satisfied Plaintiff's breach of contract claim, Plaintiff did not accept it.  (Lenci Decl. ¶ 3).

Defendants now move to dismiss the breach of contract claim pursuant to Rule 12(b)(1) and the GBL § 349 claim pursuant to Rule 12(b)(6).

## ARGUMENT

I.   **PLAINTIFF'S BREACH OF CONTRACT CLAIM IS MOOT AS A RESULT OF THE OFFER OF JUDGMENT AND THEREFORE, SHOULD BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION**

Because Defendants have offered to fully satisfy Plaintiff's breach of contract claim, that claim is now moot and should be dismissed for lack of subject matter jurisdiction.  Pursuant to Article III of the U.S. Constitution, "[a] case is moot, and accordingly the federal courts have no jurisdiction over the litigation, when the parties lack a legally cognizable interest in the outcome." *Fox v. Bd. of Trustees of State Univ. of N.Y.*, 42 F.3d 135, 139-40 (2d Cir. 1994) (internal quotations and citations omitted); *accord Powell v. McCormack*, 395 U.S. 486, 496 (1969) ("[A] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome") (citing E. Borchard, Declaratory Judgments 35-37 (2d ed. 1941)).

The Second Circuit and other courts have repeatedly held that a defendant's offer of complete relief renders the plaintiff's claim moot, as the plaintiff no longer has a legally cognizable interest in the outcome of the litigation.  *See, e.g.*, *Doyle v. Midland Credit Mgmt.*,

---

[3] "Lenci Decl." refers to the accompanying Declaration of Edward K. Lenci, dated January 10, 2014.

*Inc.*, 722 F.3d 78, 80-81 (2d Cir. 2013) ("An offer [of complete relief] need not comply with Federal Rule of Civil Procedure 68 in order to render a case moot under Article III.") (citation omitted); *McCauley v. Trans Union, L.L.C.*, 402 F.3d 340, 342 (2d Cir. 2005) (offer of maximum recovery under Rule 68 renders claim moot upon entry of judgment in favor of plaintiff for that amount); *Abrams v. Interco Inc.*, 719 F.2d 23, 33 (2d Cir. 1983) (district court lacked subject matter jurisdiction where defendant's offer was "much more than plaintiffs could obtain by suit."); *Warren v. Sessoms & Rogers, P.A.*, 676 F.3d 365, 371 (4th Cir. 2012) ("When a Rule 68 offer unequivocally offers a plaintiff all of the relief 'she sought to obtain,' the offer renders the plaintiff's action moot.") (citations omitted); *Krim v. pcOrder.com, Inc.*, 402 F.3d 489, 502 (5th Cir. 2005) ("[plaintiff's] individual claims were rendered moot because [defendant] offered [plaintiff] a settlement equal to the statutory limit on his damages."). Whether a plaintiff rejects such an offer is of no consequence, as it is the *offer* of complete relief that renders the claim moot. *See Doyle*, 722 F.3d at 81 (plaintiff's refusal to settle case for full amount sought "was sufficient ground to dismiss this case for lack of subject matter jurisdiction."); *Krim*, 402 F.3d at 502 ("[A] full settlement offer, even if refused, would dispose of [the plaintiff's] individual claims.").

The Second Circuit's findings in *Doyle v. Midland Credit Mgmt., Inc.*, a Fair Debt Collection Practices Act case, are instructive. 722 F.3d at 80-81. The Second Circuit affirmed the district court's dismissal of the case as moot after the plaintiff refused to accept the defendant's settlement offer for the maximum relief. *Id.* at 81 ("Consequently, we agree with the district court that [plaintiff's] refusal to settle the case in return for [defendant's] offer of $1,011 (plus costs, disbursements, and attorney's fees), notwithstanding [plaintiff's] acknowledgment

that he could win no more, was sufficient ground to dismiss this case for lack of subject matter jurisdiction."). The Court reasoned that "if a defendant consents to judgment in the maximum amount for which the defendant could be held liable, 'there is no justification for taking the time of the court and the defendant in the pursuit of . . . claims which [the] defendant has more than satisfied.'" *Id.* at 80 (quoting *Abrams*, 719 F.2d at 32).[4]

Plaintiff asserts that pursuant to his September 1999 disclosure statement, he was required to make 215 monthly payments of $285.07 beginning on November 28, 1999, and one monthly payment of $283.56 on October 28, 2017, and that the total interest that he was to be charged was $31,132.18 and the total amount paid over the life of the loan was $61,573.61. (Am. Compl. ¶¶ 12-13). Plaintiff claims that this repayment schedule subsequently changed, increasing his monthly payments and the loan term, in breach of the loan agreement. (Am. Compl. ¶¶ 15-25, 41). As relief for this alleged breach, Plaintiff seeks damages, enjoinment of the alleged wrongful acts, costs, and pre and post judgment interest. (Am. Compl. ¶¶ 42, Prayer for Relief, at ¶¶ c, e-g).

---

[4] The foregoing principles were recently endorsed by this Court in *Lopez-Martinez v. Gokul Inc. of N.Y.*, a class action brought under the Fair Labor Standards Act and Fed. R. Civ. Pr. Rule 23. No. 13-cv-467 (GLS) (RFT), 2013 WL 6145795 (N.D.N.Y. Nov. 21, 2013). "In the Second Circuit, a defendant's Rule 68 Offer of Judgment moots a case if the offer equals or exceeds all that the plaintiff claims to be owed." *Id.* at *2 (citing *Abrams*, 719 F.2d at 25, 32).

Although the Court in *Lopez-Martinez* denied the defendants' motion, finding that the offer of judgment did not equal or exceed what plaintiffs claimed to be owed, the decision is nonetheless instructive of the principles articulated in the preceding paragraphs. And here, unlike the situation in *Lopez-Martinez,* the Offer of Judgment does, in fact, equal what Plaintiff seeks as relief for his breach of contract claim.

Defendants' Offer of Judgment gives him all of this relief, and it puts him in the position

that he was in prior to Defendants' purported breach by placing him back on the September 1999

repayment schedule, refunding the amount of alleged overpayments with interest, and providing

him with his accrued costs:

> [T]o allow judgment to be entered in favor of Plaintiff, Jeffrey D. Reynolds ("Plaintiff" or "Reynolds"), on an individual basis only, as follows: a) henceforth, Reynolds need make payments of only $285.07 per month and one final payment of $283.56 on October 28, 2017; b) he will receive a refund representing the amount of alleged monthly overpayments he has made as of the time the foregoing payment plan is put in place; c) he will receive pre-judgment interest, at the New York State statutory rate of 9% per annum, on such overpayments through the date of refund, inclusive; and d) he will receive his "costs then accrued" (Rule 68, Fed. R. Civ. Pr.).

The Offer of Judgment reflected the very relief that Plaintiff seeks for his breach of contract

claim.  Plaintiff does not, nor can he, claim to be entitled to more.[5]

As such, even though Plaintiff did not accept the Offer of Judgment, Plaintiff no longer

has a legally cognizable interest in the breach of contract claim, rendering it moot.[6]

---

[5] Plaintiff is not entitled to attorneys' fees on his breach of contract claim.  In federal practice the general rule – known as the "American Rule" – is that each party bears its own attorneys' fees.  However, parties may agree by contract to permit recovery of attorneys' fees, and a federal court will enforce contractual rights to attorneys' fees if the contract is valid under applicable state law.  *McGuire v. Russell Miller, Inc.*, 1 F.3d 1306, 1312-13 (2d Cir. 1993) (citations omitted).  Here, Plaintiff does not allege, nor can he, that he is entitled to attorneys' fees under his student loan agreement.

[6] The purported class here has not been certified, and therefore, it has no interest that would save the breach of contract claim from mootness.  *See Genesis Healthcare Corp. v. Symczyk*, 133 S.Ct. 1523, 1530-32 (2013); *Greif v. Wilson, Elser, Moskowitz, Edelman & Dicker LLP*, 258 F. Supp. 2d 157, 159 (E.D.N.Y. 2003); *Tratt v. Retreival Maters Creditors Bureau, Inc.*, No. 00-cv-4560 (ILG), 2001 WL 667602, at *2 (E.D.N.Y. May 23, 2001); *Ambalu v. Rosenblatt*, 194 F.R.D. 451, 453 (E.D.N.Y. 2000).  Indeed, in in *Lopez-Martinez*, this Court held that plaintiffs' argument that they have not had a reasonable opportunity to move for class certification is "without merit."  2013 WL 6145795, at *4 n. 6.

7

Accordingly, this Court should grant Defendants' motion to dismiss the breach of contract claim for lack of subject matter jurisdiction.

## II.   PLAINTIFF'S GBL § 349 CAUSE OF ACTION SHOULD BE DISMISSED AGAINST BOTH DEFENDANTS BECAUSE IT FAILS TO STATE A VALID CLAIM AND AS TO DEFENDANT WELLS FARGO FOR THE ADDITIONAL REASON THAT PLAINTIFF LACKS STANDING

### A.   Legal Standard for Rule 12(b)(6) Motion to Dismiss

The Supreme Court has set forth a two-step inquiry to determine whether claims survive scrutiny in the context of a Rule 12(b)(6) motion.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 680-81 (2009).  First, the court must reject bald allegations that are conclusory and, as a result, are "not entitled to be assumed true."  *Id.* at 681 (citation omitted).  Second, the court must examine the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief."  *Id.*

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead enough facts "to 'state a claim to relief that is plausible on its face.'"  *Id.* at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  This "demands more than" alleging that "the-defendant-unlawfully-harmed-me . . . ."  *Id.* (citing *Twombly*, 550 U.S. at 555).  The claims must include enough factual allegations "to raise a right to relief above the speculative level . . . ."  *Twombly*, 550 U.S. at 545 (citation omitted).

Furthermore, a court is not bound to accept as true legal conclusions couched as factual allegations.  *Iqbal*, 556 U.S. at 678.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.* (citation omitted).  "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and

conclusions, and a formulaic recitation of the elements of cause of action will not do." *Twombly*, 550 U.S. at 555.

After *Twombly* and *Iqbal*, "[i]t is no answer to say that a claim just shy of a plausible entitlement to relief can, if groundless, be weeded out early in the discovery process" because, *inter alia*, "the threat of discovery expense will push cost-conscious defendants to settle even anemic cases before reaching those proceedings." *Id.* at 559.

Furthermore, with specific reference to claims under GBL § 349, speculative or unspecific allegations that amount to nothing more than labels, conclusions and catch-phrases concerning deceptive practices cannot support such a claim. *See Bartlett v. Nationwide Mut. Fire Ins. Co.*, No. 12-cv-435-A, 2013 WL 623497, at *4 (W.D.N.Y. Feb. 19, 2013) (elements of GBL § 349 must be plead "with some specificity"); *OneBeacon Ins. Co. v. Freundschuh*, No. 08-cv-0823 A(SR), 2010 WL 3091446, at *5-7 (W.D.N.Y. May 21, 2010) ("conclusory statements or 'general allegations consisting of catch phrases' ... fail to pass muster . . . .") (citation omitted); *Perfect Dental, PLLC v. Allstate Ins. Co.*, Nos. 04-cv-0586, 04-cv-0588, 2006 WL 2552171, at *2-3 (E.D.N.Y. Aug. 31, 2006) ("[P]laintiffs merely make general allegations consisting of catch phrases."); *Cohen v. U.S. Fidelity and Guar. Co.*, No. 04-cv-5921 (RMB) (MHD), 2005 WL 1036097, at *2-3 (S.D.N.Y. May 4, 2005) (conclusory allegations of deceit insufficient); *Lava Trading Inc. v. Hartford Fire Ins. Co.*, 326 F. Supp. 2d 434, 438 (S.D.N.Y. 2004) ("some specificity" required); *USAlliance Fed. Credit Union v. CUMIS Ins. Soc. Inc.*, 346 F. Supp. 2d 468, 472 (S.D.N.Y. 2004) (conclusory allegations are insufficient); *MaGee v. Paul Revere Life Ins. Co.*, 954 F. Supp. 582, 586-87 (E.D.N.Y. 1997) (even allegations that specify that "defendant breached its obligation to pay [plaintiff] insurance benefits and that on two

occasions agent of [defendant] contacted his treating health care professionals in an effort 'to interfere with the physician-patient relationship'" [are] insufficient).[7]

### B.   Plaintiff Fails to Allege Each of the Elements Required to Plead a Valid GBL § 349 Cause of Action

To establish a cause of action under GBL § 349, a plaintiff must demonstrate that: (1) the defendant's deceptive acts were directed at consumers; (2) the acts are materially misleading; and (3) injury resulted from the acts.  *See Maurizio v. Goldsmith*, 230 F.3d 518, 521 (2d Cir. 2000) (citing *Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank*, 85 N.Y.2d 20, 25, 623 N.Y.S.2d 529 (1995)).   GBL § 349 "does not grant a private remedy for every improper or illegal business practice," and "cannot fairly be understood to mean that everyone who acts unlawfully, and does not admit the transgression, is being 'deceptive,' within the meaning of that statute.   Rather, § 349 is limited to those practices which 'may tend, in [themselves], to deceive consumers."  *Schlessinger v. Valspar Corp.*, 723 F.3d 396, 399 (2d

---

[7] Although the Second Circuit, in *Pelman ex rel. Pelman v. McDonald's Corp.*, 396 F.3d 508 (2d Cir. 2005), held that notice pleading of a GBL § 349 claim is sufficient, that case predates *Twombly* and *Iqbal*.   Moreover, *Pelman* followed *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002), a case that has been called into question in the aftermath of *Twombly* and *Iqbal*.   *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009) (discussing "the demise of *Swierkiewicz*"); *Francis v. Giacomelli*, 588 F.3d 186, 192 n. 1 (4th Cir. 2009) (noting that pleading standard in *Swierkiewicz* "was explicitly overruled in *Twombly*"); *Schwab v. Smalls*, 435 F. App'x 37, 40 (2d Cir. 2011) (noting that "questions have been raised . . . as to *Swierkiewicz*'s continued validity in light of *Twombly* and *Iqbal*."); *Aztec Energy Partners, Inc. v. Sensor Switch, Inc.*, 531 F. Supp. 2d 226, 228 (D. Conn. 2007) (after *Twombly* and *Iqbal*, *Swierkiewicz* "is no long the appropriate standard"); *Ferdinand-Davenport v. Children's Guild*, 742 F. Supp. 2d 772, 780 n. 5 (D. Md. 2010) ("the general 12(b)(6) standard used in *Swierkiewicz* was overruled by *Twombly*") (citation omitted); *Raja v. Englewood Cmty. Hosp., Inc.*, No. 12-cv-02083 (JDW), 2013 WL 4016518, at *2 n. 3 (M.D. Fla. 2013) (*Swierkiewicz* "overruled by *Twombly* and *Iqbal*).   Accordingly, Defendants respectfully submit that *Pelman,* and any cases that have relied upon it, no longer provide the pleading standard for a GBL § 349 claim.

Cir. 2013) (internal quotations and citations omitted).  "The focus of § 349 cases is whether the alleged deceptive practice was 'consumer oriented.'"  *Cohen v. Transp. Ins. Co.*, No. 10-cv-0743 (GTS) (RFT), 2011 WL 3650284, at *5 (N.D.N.Y. Aug. 18, 2011) (quoting *PB Ams. Inc. v. Cont'l Cas. Co.*, 690 F. Supp. 2d 242, 251 (S.D.N.Y. 2010) (citation omitted)).  "A defendant will not be held liable under § 349 where the disputed private transaction does not have ramifications for the public at large."  *Id.*

Here, the Amended Complaint is devoid of any *facts* suggesting a GBL § 349 violation; rather, all of Plaintiff's allegations are made "upon information and belief" only.  (Am. Compl. p. 1).  On this basis alone, the GBL § 349 claim should be dismissed, as "conclusory allegations made on the basis of 'information and belief' have been found to 'fall far short' of the standard necessary to state a claim under GBL § 349."  *Bono v. Monarch Life Ins. Co.*, No. 05-cv-281S, 2006 WL 839412, at *2-3 (W.D.N.Y. Mar. 27, 2006) (quoting *Tinlee Enters., Inc. v. Aetna Cas. & Sur. Co.*, 834 F. Supp. 605, 608-10 (E.D.N.Y. 1993)).  *Accord Cohen*, 2011 WL 3650284, at *6 (finding that plaintiff did not allege facts plausibly suggesting a consumer-oriented deceptive practice and instead made conclusory allegation upon information and belief only); *Bartlett*, 2013 WL 623497, at *4 (finding that conclusory allegations made upon information and belief are insufficient to plead valid GBL § 349 claim).

Furthermore, the GBL § 349 claim here further fails because each of the required elements are not plead:

### 1.    No Consumer-Oriented Conduct

Plaintiff's GBL § 349 claim fails because the allegations in the Amended Complaint are specific to *his* loan.  Plaintiff complains of changes to *his* repayment schedule reflected in *his*

11

disclosure statements.  (Am. Compl. ¶¶ 15-25).  "*His* payoff balance was higher than the total of *his* 69 remaining payments."  (Am. Compl. ¶ 15).  The crux of Plaintiff's GBL § 349 claim is the purported errors in *his* repayment schedule of *his* disclosure statement, which does not constitute a GBL § 349 violation.  (Am. Compl. ¶¶ 15-27).  Plaintiff does not allege that there is any misrepresentation in the pre-printed terms and conditions of the September 1999 disclosure statement; instead, as noted, his allegations relate to the repayment schedule, *unique to him*. Accordingly, the factual allegations of the Amended Complaint set forth a claim that is uniquely between Plaintiff and XES, not a claim involving consumers generally.   As this Court acknowledged in *Gorham-DiMaggio v. Countrywide Home Loans, Inc.*, "'the acts or practices [must] have a broader impact on consumers at large'"; "'[p]rivate contract disputes, unique to the parties . . . would not fall within the ambit of the statute.'"  592 F. Supp. 2d 283, 296-97 (N.D.N.Y. 2008) (quoting *Oswego*, 85 N.Y.2d at 25, 623 N.Y.S.2d at 532)).  *Accord Gomez-Jimenez v. N.Y. Law Sch.*, 103 A.D.3d 13, 956 N.Y.S.2d 54, 58 (1st Dep't 2012); *Cruz v. NYNEX Info. Res.*, 263 A.D.2d 285, 703 N.Y.S.2d 103 (1st Dep't 2000).  Like the circumstances in *Gorham-DiMaggio*, the acts complained of here were only directed at Plaintiff, not the consumer public or consumers at large.

Plaintiff cannot save his GBL § 349 claim by making conclusory assertions "upon information and belief," for example, that "Defendants *evidently* had a policy of misapplying payments, which was embedded in their processing equipment" (Am. Compl. ¶ 3) (emphasis added), or that "it is *apparent* that [XES] employs a sophisticated computer system or systems to automate loan amortization and application of payments [which] credits payments . . . in a manner that keeps borrowers in debt to maximize the amount of interest paid to the lender over

12

the life of the loans."  (Am. Compl. ¶ 26) (emphasis added).  *See Bono*, 2006 WL 839412, at *2-3; *Tinlee*, 834 F. Supp. at 608-10; *Cohen*, 2011 WL 3650284, at * 6; *Bartlett*, 2013 WL 623497, at *4.

And Plaintiff certainly cannot premise his GBL § 349 claim on two reports, which, even if they were accurate, do not involve XES at all but, rather, another company in the Xerox group of companies that uses different systems, employs different personnel, and has separate office space.  (Broedel Decl. ¶¶ 3-6).  Those reports expressly name Xerox Education *Solutions*, LLC, not Defendant XES (which is called Xerox Education *Services*, LLC) as the entity involved in the U.S. Department of Education project and therefore are irrelevant to this matter.

### 2.    No Deceptive Acts

Plaintiff also fails to identify any deceptive acts, much less ones directed at consumers at large.  "Deceptive acts are defined objectively [ ] as acts likely to mislead a reasonable consumer acting reasonably under the circumstances."  *Milich v. State Farm Fire & Cas. Co.*, 513 F. App'x 97, 98 (2d Cir. 2013) (quoting *Spagnola v. Chubb Corp.*, 574 F.3d 64, 74 (2d Cir. 2009) (internal quotations omitted)).  *Accord Fink v. Time Warner Cable*, 714 F.3d 739, 741 (2d Cir. 2013) ("Plaintiffs must establish that [the defendant's] allegedly deceptive advertisements were likely to mislead a reasonable consumer acting reasonably under the circumstances.") (citations omitted).  "[T]here can be no section 349(a) claim when the allegedly deceptive practice was fully disclosed. . . ."  *Broder v. MBNA Corp.*, 281 A.D.2d 369, 371, 722 N.Y.S.2d 524, 526 (1st Dep't 2001).  *Accord Patterson v. Somerset Investors Corp.*, 96 A.D.3d 817, 817-18, 946 N.Y.S.2d 217, 217 (2d Dep't 2012) (rejecting GBL § 349 claim because "the terms of the subject mortgage loan were fully set forth in the loan documents, and . . . no deceptive act or practice

13

occurred . . . .") (citation omitted); *Fink*, 714 F.3d at 742 ("under certain circumstances, the presence of a disclaimer or similar clarifying language may defeat a claim of deception.") (citations omitted).

Here, Plaintiff asserts that after he received his initial repayment schedule, his payments changed and the term of his loan was extended. (Am. Compl. ¶ 15). However, the allegedly improper amortization of Plaintiff's loan cannot be considered a "deceptive act" because all changes in his repayment schedule were fully disclosed. Plaintiff does not suggest that Defendants took steps to ensure that borrowers were unaware of the alleged changes in their amortization schedules or otherwise mislead borrowers. On the contrary, Plaintiff acknowledges that he received a disclosure statement in February 2012 that *reflected* the change in his repayment schedule. (Am. Compl. ¶ 17). Plaintiff further alleges that he called XES, which, according to Plaintiff, did not hide the purported error, but explained the changes in the repayment schedule to Plaintiff. (Am. Compl. ¶ 16). Plaintiff asserts that in April 2012, October 2012, and December 2012, he received additional disclosure statements, which again fully disclosed the amortization of his loan and repayment schedule. (Am. Compl. ¶¶ 19, 23, 25).

### 3.   <u>No Materially Misleading Conduct</u>

The conduct at issue cannot be deemed "misleading" when Plaintiff confirms that he was not "mislead." Plaintiff complains that the February 2012 disclosure statement altered the payments from the amounts set in the September 1999 disclosure statement. (Am. Compl. ¶ 15). But, Plaintiff himself alleges that, upon receipt of the February 2012 disclosure statement, he noticed the alleged error right away and contacted XES. (Am. Compl. ¶¶ 15-16). Plaintiff cannot now credibly assert that the changes in his payoff balance and on his repayment schedule

14

were "materially misleading" or that they were "likely to mislead a reasonable consumer acting reasonably under the circumstances" because Plaintiff himself was not mislead.  In the absence of a materially misleading deceptive act, a GBL § 349 cause of action fails and must be dismissed.

### 4.   No Injury

Plaintiff also cannot establish actual injury.  As previously explained, the Offer of Judgment offered to satisfy the breach of contract claim in fact offered Plaintiff complete relief for the conduct alleged in the Amended Complaint:  it would give him the repayment schedule from the September 1999 disclosure statement, refund the amount of alleged overpayments with interest, and provide him with his accrued costs.  Thus, he has no injury on which to base his claim, and therefore, it fails as a matter of law.  *See Dweck v. Oppenheimer & Co., Inc.*, 30 A.D.3d 163, 816 N.Y.S.2d 440 (1st Dep't 2006) ("Plaintiff's cause of action under [GBL] § 349 was also properly dismissed for lack of injury") (citation omitted).

### C.   The GBL § 349 Claim Further Fails as Against Wells Fargo

#### 1.   Plaintiff, a Virginia Resident, Lacks Standing to Assert a Claim Under GBL § 349, a New York Consumer Protection Statute

As to Wells Fargo specifically, the GBL § 349 claim further fails because Plaintiff, a Virginia resident, lacks standing to assert the claim against Wells Fargo.  GBL § 349 is a *New York* consumer protection statute.  The New York Court of Appeals has, therefore, explained that, "to qualify as a prohibited act under [GBL § 349], the deception of a consumer must occur in New York." *Goshen v. Mut. Life Ins. Co. of N.Y.*, 98 N.Y.2d 314, 325, 746 N.Y.S.2d 858, 864 (2002).  "[T]he intent is to protect consumers in their transactions that take place in New York

State."  *Id.*  *Accord Thomas v. JPMorgan Chase & Co.*, 811 F. Supp. 2d 781, 800 (S.D.N.Y. 2011) ("[GBL § 349] was not intended to police the out-of-state transactions . . . .").

GBL § 349 was not intended to protect Plaintiff, who does not reside in New York, from acts by Wells Fargo, none of which occurred in New York.  Plaintiff acknowledges in the Amended Complaint that he resides in Virginia.  (Am. Compl. ¶ 7).  Wells Fargo is a national bank headquartered in California.  (Am. Compl. ¶ 9).  The contract at issue, the consolidated loan agreement, was originated by a Maryland lender (Signet Bank) and given to a Virginia borrower.  (Muir Decl. Ex. A).  The loan agreement was not executed in New York, and nothing on the face of the agreement identifies a connection between the agreement itself, or the parties thereto, and New York.  (Muir Decl. Ex. A).  Most significantly, the Amended Complaint does not identify any act *by Wells Fargo* that occurred in New York.  That is because the only role of Wells Fargo is as the current owner of Plaintiff's student loan.  (Am. Compl. ¶ 9).  Although XES may operate in New York, there is no allegation that *Wells Fargo* engaged in any conduct relating to Plaintiff's loan in New York (or elsewhere).  Because Plaintiff does not, and cannot, identify *any* transaction with Wells Fargo that occurred in the State of New York, deceptive or not, the GBL § 349 claim should be dismissed as against Wells Fargo on the additional basis of lack of standing.

## 2. **Plaintiff Fails to Allege Any Deceptive Conduct by Wells Fargo, Specifically**

Finally, although Plaintiff generally alleges that "Defendants," meaning both XES and Wells Fargo, engaged in acts in violation of GBL § 349, the Amended Complaint fails to allege any conduct by Wells Fargo, specifically.  Nor could it, as Plaintiff complains about the *servicing* (the posting and collection of payments) of his student loan.  (Am. Compl. ¶¶ 15-27).

16

As Plaintiff acknowledges, although Wells Fargo is the owner of his student loan, XES is the servicer, and, as alleged (albeit, falsely, as per the Broedel Decl.) in the Amended Complaint, it is the "*[XES]* Education 'servicing system'" that has "material weaknesses" and "internal control deficiencies."  (Am. Compl. ¶¶ 29-30) (emphasis added).  Plaintiff does not allege that Wells Fargo, specifically, issued the disclosure statements at issue, communicated with Plaintiff regarding the alleged misapplication of his loan payments, or engaged in any other "deceptive conduct."  As such, notwithstanding the other pleading deficiencies, for this additional reason, Plaintiff's GBL § 349 claim should be dismissed as against Wells Fargo.

## <u>CONCLUSION</u>

For the foregoing reasons, Defendants respectfully request that this Court grant Defendants' motion in its entirety and enter an order dismissing Plaintiff's breach of contract claim with prejudice pursuant to Fed. R. Civ. P. 12(b)(1), dismissing Plaintiff's GBL § 349 claim with prejudice pursuant to Fed. R. Civ. P. 12(b)(6), and granting such other and further relief as this Court may deem just and proper.

New York, New York
January 10, 2014

                                                               HINSHAW & CULBERTSON LLP

By:    /s/ Edward K. Lenci
            Edward K. Lenci
            800 Third Avenue, 13th Floor
            New York, New York 10022
            Tel:  (212) 471-6200
            Fax:  (212) 935-1166
            elenci@hinshawlaw.com
            *Counsel for Defendant*
            *Xerox Education Services, LLC*

            HOGAN LOVELLS US LLP

By:    /s/ Robin L. Muir
            Allison J. Schoenthal
            Robin L. Muir
            875 Third Avenue
            New York, New York 10022
            Tel:  (212) 918-3000
            Fax:  (212) 918-3100
            allison.schoenthal@hoganlovells.com
            robin.muir@hoganlovells.com
            *Counsel for Defendant*
            *Wells Fargo Bank, N.A.*

18